IN THE MATTER OF THE WILL OF WILLIAM T. HEAD.

(Filed 10 July 1968.)

1. Appeal and Error § 45—

Exceptions in the record not set out in the brief, or in support of which no reason or argument is stated or authority cited, will be deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

2. Evidence § 46—

The genuineness or falsity of disputed handwriting may be proved by

a nonexpert witness who is found to be acquainted with the handwriting of the person supposed to have written it.

**3. Trial § 36—**

It is not mandatory on the trial judge to charge the jury as to their consideration of the testimony of interested witnesses, but it is permissible to do so, and where there is no request for such an instruction, failure of the court to so charge is not error.

**4. Trial § 33—**

The trial court is not required to give a verbatim recital of the testimony but must review the evidence only to the extent necessary to explain the application of the law thereto. G.S. 1-180.

**5. Same—**

If the court's statement of the evidence does not correctly reflect the testimony of a witness in any particular respect, counsel must call attention thereto and request a correction.

APPEAL by respondents from *Thornburg, J.,* 5 February 1968 Session POLK Superior Court.

Dr. William T. Head married Mrs. Laura Covington Cole, who at that time had two children by her former marriage: one is now Mrs. Evelyn Cole Bowers, and the other is Mr. John Robert Cole. Mrs. Bowers and Mr. Cole are the respondents in this proceeding.

One child was born of the marriage of Dr. William T. Head and Laura Covington Cole Head: she is now Mrs. Wilma Head Woolard. Mrs. Woolard is the caveator in this proceeding.

Dr. Head, a long time resident of Polk County, North Carolina, executed a will dated 23 August 1960 wherein he devised and bequeathed all of his property to his wife, and, in the event she predeceased him, he devised and bequeathed all of his property to his daughter, his step-daughter, and his step-son to be divided equally among them. His wife did predecease Dr. Head, leaving the three children as the beneficiaries under the said will.

Dr. Head died 9 July 1966 and the will dated 23 August 1960 was probated in common form 9 September 1966. On 12 September 1966 Mrs. Wilma Woolard, who was living in Florida, wrote to Mr. Robert Cole, who was living in South Carolina, advising him "if you don't withdraw your suit for probate I am going to file a caveat." On 4 November 1966 Mrs. Woolard filed a caveat to the will dated 23 August 1960, and propounded in lieu thereof an instrument allegedly executed by Dr. Head as his last will and testament on 1 December 1964 while he was in Florida. The instrument of 1 December 1964 devised and bequeathed all of Dr. Head's property to Wilma Head Woolard in fee; and provided that if she predeceased him all of his property was devised and bequeathed to Evelyn Cole

Bowers and John Robert Cole to be divided equally among them. The authenticity of this latter instrument is the subject of this proceeding.

Upon stipulated issues the jury found that the instrument dated 1 December 1964 was the last will and testament of William T. Head. From the verdict and the judgment setting aside the probate of the 23 August 1960 instrument, and admitting to probate in solemn form the instrument dated 1 December 1964 as the last will and testament of William T. Head, the respondents Evelyn Cole Bowers and John Robert Cole appeal.

*Redden, Redden and Redden for the caveators appellees.*

*McCown, Lavender and McFarland, and Hamrick and Hamrick by J. Nat Hamrick for respondents appellants.*

BROCK, J. Appellants present no reason or argument and cite no authority in support of their exceptions grouped under assignments of error numbers 1, 3, 4, 7 and 10. "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him." Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Additionally, appellants have caused us considerable unnecessary tedious searching to relate the arguments in their brief to their assignments of error. We have determined that appellants argued in their brief their assignments of error numbers 2, 5, 6, 8, 9 and 11; but we made this determination only after comparing subject matter, because nowhere in the argument in their brief did appellants undertake to advise us which assignment of error the particular argument was in support of.

It is not essential that the assignments of error be argued in the brief in strict numerical order, but certainly counsel should indicate which assignment of error he proposes that the argument supports.

Appellants' assignments of error numbers 2, 5 and 6 relate to the admission of testimony of lay witnesses as to their opinion of the genuineness of Dr. Head's signature; and their testimony thereafter as to whether a person writes his signature the same way twice; and their testimony as to how they compare signatures. It is well established that genuineness or falsity of disputed handwriting may be proved by a witness, not an expert, who is found to be acquainted with the handwriting of the person supposed to have written it. Stansbury, N. C. Evidence 2d, § 197. The other questions propounded to the witnesses were competent to show the witnesses' familiarity with the subject of handwriting comparisons. These assignments of error are overruled.

Appellants' assignment of error number 9 relates to the failure of the Court to instruct the jury "that Wilma Head Woolard was an interested witness and that her testimony should be carefully scrutinized." From the record we can see that it was made clear to the jury that Mrs. Woolard was interested in their verdict; it was made clear to them by the testimony and exhibits that she was the sole beneficiary under the 1 December 1964 instrument. Also it is clear from the record that counsel made no request for such an instruction. It is not mandatory on the trial judge to charge the jury in this respect, but it is permissible to do so. *State v. McKinnon,* 223 N.C. 160, 25 S.E. 2d 606. It is the duty of a party desiring instructions on a subordinate feature of the case or greater elaboration on a particular point, to aptly tender a request for special instructions. 4 Strong, N. C. Index, Trial, § 38, p. 344. This assignment of error is overruled.

Appellants' assignment of error number 8 relates to alleged errors by the trial judge in recapitulating the testimony of the two subscribing witnesses to the instrument dated 1 December 1964. In reviewing the evidence, the trial court is not required to give a verbatim recital of the testimony, but only to the extent necessary to explain the application of the law thereto. G.S. 1-180. If the Court's statements of the evidence in condensed form does not correctly reflect the testimony of the witness in any particular respect, it is the duty of counsel to call attention thereto and request a correction. *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829. The trial judge explicitly admonished the jury on several occasions to use its recollection of the evidence and not what the Court or counsel may have said the evidence was. This assignment of error is overruled.

Appellants' remaining assignment of error is a formal one and is overruled.

In their brief counsel for appellants make a strong "jury argument," but, even if we were inclined to determine the facts in their favor, our function is not that of a jury. Appellants have had full opportunity to develop their case and to have the jury consider their evidence and contentions. They fought a good fight and the taste of defeat may be bitter, but in the trial we find no prejudicial error.

Affirmed.

Mallard, C.J. and Parker, J., concur.