STATE OF NORTH CAROLINA v. THOMAS LLOYD FOREHAND

No. 721SC746

(Filed 17 January 1973)

1. Incest— competency of victim's testimony

   Testimony of the fourteen-year-old victim was relevant and competent in an incest prosecution and was not objectionable simply because it tended to implicate both defendant and his wife in the crime charged.

2. Incest— evidence of defendant's prior relations with victim — admissibility to show quo animo

   In a prosecution for incest, evidence that defendant had had prior sexual relations with his fourteen-year-old daughter was admissible for the purpose of showing *quo animo*.

**3. Criminal Law § 88— cross-examination of defendant**

The trial court did not err in refusing to allow cross-examination of the prosecuting witness in an incest case as to whether she had previously charged another male with rape, cross-examination as to what a friend had told her regarding her personal matters, and cross-examination as to evidence in another case.

**4. Criminal Law § 58— handwriting of defendant — notes allegedly written by defendant — testimony proper**

A witness who testified that she had seen defendant write and could recognize his handwriting could corroborate testimony of the prosecuting witness with respect to a note allegedly left by defendant on the prosecuting witness's pillow, and the witness's testimony reciting the contents of another note was relevant and was not prejudicial to defendant.

**5. Criminal Law § 169— failure to show what testimony would have been — no prejudice — evidence of like import allowed**

Where the record fails to show what a witness would have answered with respect to questions concerning the reputation of the prosecuting witness in an incest case, no prejudicial error is shown, particularly where a defense witness was allowed to give testimony of the same import without objection.

APPEAL by defendant from *Tillery, Judge,* 12 June 1972 Session of Superior Court held in CHOWAN County.

Defendant, Thomas Lloyd Forehand, was charged in a bill of indictment, proper in form, with the felony of incest. Upon defendant's plea of not guilty, the State offered evidence tending to show that on 2 February 1972 the defendant, age 41, had sexual intercourse with his natural daughter, Ernestine Annette Forehand (Ann), age 14. Defendant denied ever engaging in sexual intercourse with his daughter and offered evidence tending to show that he was not at home at the time Ann testified the crime occurred.

Defendant was found guilty as charged and from a judgment imposing an active prison sentence of 15 years, defendant appealed.

*Attorney General Robert Morgan and Associate Attorney Edwin M. Speas, Jr., for the State.*

*Pritchett, Cooke & Burch by S. R. Burch for defendant appellant.*

HEDRICK, Judge.

[1] Defendant's first three exceptions challenge the admission of testimony of defendant's 14-year-old daughter tending to implicate both defendant and his wife in the crime charged.

Evidence which is otherwise relevant and competent is not objectionable simply because it tends to discredit or prejudice a defendant in the eyes of the jury. Stansbury, N. C. Evidence 2d, § 80. The testimony of the 14-year-old victim of the crime charged challenged by these three exceptions was obviously relevant and competent.

[2] Exceptions 5, 6 and 16 challenge the admission of testimony tending to show that defendant had prior sexual relations with his 14-year-old daughter.

These exceptions have no merit because in a prosecution for incest, evidence of other improper advances by the defendant of a similar nature is admissible for the purpose of showing *quo animo*. *State v. Edwards,* 224 N.C. 527, 31 S.E. 2d 516 (1944).

Defendant's third assignment of error relates to the admission and exclusion of testimony.

[3] Exceptions 8 and 9 challenge the court's ruling sustaining the State's objections to defendant's cross-examination of the prosecuting witness regarding whether she had once charged another male with rape. Clearly the questions called for irrelevant testimony and the objections were properly sustained.

With respect to exception 10, the record discloses the following occurred during the cross-examination of Ann Forehand:

"I know Ann Mizelle and she is a friend of mine in a way. I went to school with her. I have not discussed this case with her.

Q. Has she ever discussed any of her personal matters with you?

A. Yes, she has.

Q. Did she tell you about her—

OBJECTION. OBJECTION SUSTAINED.

EXCEPTION No. 10."

Obviously the question called for hearsay testimony as to what Ann Mizelle had told the prosecuting witness regarding her personal matters and the objection was properly sustained.

With respect to exception 11, the record discloses the following occurred during the cross-examination of Ann Forehand:

"When I was baby-sitting for Lois Coltrain I told her I was going to run away and she wanted to know why and I told her it was like the Mizelle case and that gave her an idea right then.

Q. What Mizelle case are you referring to?

OBJECTION.

OBJECTION SUSTAINED as to the form of question.

EXCEPTION No. 11."

The trial court properly sustained the objection to the question for the evidence regarding another case was not relevant.

[4]   Defendant's fourth assignment of error, based on exceptions 13, 14 and 15, challenges the competency of Brenda Lou McDonald (Brenda), a 13-year-old witness for the State, to testify that she recognized defendant's handwriting and attacks as irrelevant and prejudicial her testimony as to the contents of a note allegedly written by defendant.

Ann, defendant's daughter, testified that her father would, on occasion, write notes inviting her to engage in sexual intercourse with him and that Brenda had seen, but not read, one such note left on Ann's pillow. Brenda testified, over objection by defense counsel, that she had seen, but not read, a note written to Ann by her father, which was found on Ann's pillow. Brenda testified that she had observed defendant write and could recognize defendant's handwriting. Over defense objection, Brenda testified that defendant wrote and signed a note which she found in a bathroom of defendant's home in which, "He said he was going to bust my cherry . . . ."

"It is well established that genuineness or falsity of disputed handwriting may be proved by a witness, not an expert, who is found to be acquainted with the handwriting of the per-

State v. Forehand

son supposed to have written it. Stansbury, N. C. Evidence 2d, § 197." *In re Will of Head,* 1 N.C. App. 575, 577, 162 S.E. 2d 137, 139 (1968). It is equally well established that:

> "Evidence of other offenses is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime." Stansbury, N. C. Evidence 2d, § 91.

Thus, having seen defendant write and having professed the ability to recognize his handwriting, Brenda's testimony was competent and relevant to corroborate the testimony of Ann with respect to the note allegedly left by defendant on Ann's pillow. Moreover, we are unable to perceive that Brenda's testimony reciting the contents of the note left in the bathroom could have been prejudicial to defendant since Brenda previously testified, without objection, that defendant had made similar improper advances to her.

[5] By his sixth assignment of error, defendant challenges the court's sustaining of objections by the State to questions asked a defense witness concerning the reputation of Ann Forehand.

The records fails to show what answer the witness would have given had he been allowed to answer. The exclusion of testimony cannot be held prejudicial when the record fails to show what the answer of the witness would have been had he been allowed to testify. *Spinella v. Pearce,* 12 N.C. App. 121, 182 S.E. 2d 620 (1971); 1 Strong, N. C. Index 2d, Appeal and Error, § 49, p. 200. Additionally, Mrs. Doris Morgan, a defense witness, was allowed to testify, without objection, that "the general reputation of Ann Forehand in the community where she lives . . . is not too good for a teenager." The exclusion of testimony is not prejudicial when it appears that other witnesses are allowed to give testimony of the same import. *Reeves v. Hill,* 272 N.C. 352, 158 S.E. 2d 529 (1968). This assignment of error is overruled.

Defendant has additional assignments of error including exceptions to the court's instructions to the jury which we have carefully considered and find to be without merit.

The trial of defendant in Superior Court was free from prejudicial error.

No error.

Judges VAUGHN and GRAHAM concur.