BOARD OF TRANSPORTATION v. EASTERN DEVELOPERS AND RENTALS, INC., TIMOTHY G. WARNER, TRUSTEE, AND WILEY PARKER FARMS, INC.

No. 7518SC661

(Filed 17 December 1975)

1. Eminent Domain § 7— reference to access — stipulation — necessity for instruction

The trial court in a condemnation proceeding did not err in failing to instruct the jury ex mero motu to disregard the opening statement of counsel for the condemnor regarding access to a portion of the landowner's remaining property after the parties stipulated during trial that no reference would be made to such access.

Board of Transportation v. Rentals, Inc.

2. **Eminent Domain § 6— sales price of nearby land — unresponsive testimony**

   The trial court in a condemnation proceeding did not err in the exclusion of a witness's unresponsive answer regarding the sales price of a nearby tract.

3. **Eminent Domain § 6— sales price of nearby land — limited admissibility — necessity for instruction**

   The trial court in a condemnation proceeding was not required to explain the limited admissibility of testimony as to the sales price of a nearby tract where no objection was made to the testimony.

4. **Eminent Domain § 6— limiting number of value witnesses**

   In this condemnation proceeding, the landowner was not prejudiced when the trial court permitted only three value witnesses to testify for the landowner where the record does not show what a fourth value witness would have said if permitted to testify.

5. **Eminent Domain § 6— qualification of value expert**

   The evidence in a condemnation proceeding supported the trial court's determination that a witness for the condemnor could testify as an expert on value.

APPEAL by defendant from *Collier, Judge*. Judgment entered 24 March 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 18 November 1975.

The North Carolina Board of Transportation instituted this action for the condemnation of property owned by the Eastern Developers and Rentals, Inc. Prior to the taking defendants owned a tract of land containing 153.34 acres. The property condemned by the Board of Transportation consisted of, an area containing 40.16 acres which ran through the eastern portion of defendant's property in a north-south direction. Defendant was left with two parcels of land on each side of the condemned property. The west parcel contained 99.41 acres and the east parcel contained 13.77 acres. Duke Power Company and Piedmont Gas Company had previously acquired easements of 4.83 acres on the northeast corner of defendant's property.

The case was tried solely on the issue of damages. The defendant presented four witnesses to testify to the extent of damages. Their testimony ranged from $307,246 to $694,000. The State Board of Transportation offered three estimates of damages ranging from $138,300 to $159,000.

The jury returned a verdict of $182,000 for the defendant. From the judgment, defendant appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General H. A. Cole, Jr., for plaintiff appellee.*

*Comer, Dailey and Ling, by John F. Comer, for defendant appellant.*

ARNOLD, Judge.

[1]   Defendant contends that the trial court committed prejudicial error in failing to instruct the jury ex mero motu to disregard all statements of counsel for the Board of Transportation regarding the access point on the east side of the property. In his opening statement to the jury the Board of Transportation's attorney, while exhibiting a map (Exhibit A) of the controverted property to the jury, stated that the parties had stipulated that the defendant's remaining eastern tract of land would be "landlocked" (i.e. without access) after the taking. The jury was then sent out and a voir dire hearing was held on the issue of whether defendant would have access to the eastern tract. The court found that the defendant had access to the eastern tract but it had been appropriated by the taking. The trial court afforded the parties' experts on value the opportunity to reappraise the property since their original appraisals were made without considering that the eastern tract was accessible. Nevertheless, the parties chose to continue the trial without delay, stipulating "that no witness nor any attorney would make reference to the existence or non-existence of any access point on the east side of this property, either in the testimony of the witness, examination of any witness or argument to the jury." The jury returned and the trial proceeded without any instructions by the trial judge regarding the Board of Transportation's attorney's opening remarks.

We find no error in the failure of the court to instruct the jury to disregard the opening statement by plaintiff's attorney. It was stipulated that the map (Exhibit A) was a correct representation of the property, and it shows no access to the eastern tract. Moreover, any error in plaintiff's opening statement appears favorable to defendant since the statement that a portion of the land would be left without access after the taking would tend to increase defendant's damages rather than prejudice him.

[2]   Defendant next contends that the trial court erred in its rulings regarding the exclusion of the landowner's witness's

testimony concerning prior specific sales prices. The testimony was as follows:

> MR. COLE [Attorney for the Board of Transportation]: You indicated you considered some twelve or so. Would you give me—for instance, give me a piece of property that you considered?
>
> A. The Ward property, it sold for $3,000 an acre back in 1968.
>
> Q. I asked you what you considered.
>
> A. I said the Ward property. It's a sale in 1968.
>
> THE COURT: It is improper to mention figures of other sales. That is not admissible before the jury. Don't consider any statement by the witness about any figure.

Defendant argues that the trial court erroneously excluded the testimony citing *Barnes v. Highway Comm.*, 250 N.C. 378, 109 S.E. 2d 219 (1959), as authority for the principle that a witness may be cross-examined regarding sales prices of nearby property to test the witness's knowledge. The witness was not being cross-examined regarding sales prices, but he was asked to state which properties were comparable to the property of the defendant. The trial judge did not err in excluding the witness's unresponsive answer.

[3] Plaintiff's attorney later, on cross-examination, asked defendant's witness how much the "Bundy tract" sold for, and, without objection, the witness answered $2,000 an acre. Defendant concedes that this was permissible cross-examination, but contends it was error for the court not to have explained the limited admissibility of the evidence.

In *Templeton v. Highway Commission*, 254 N.C. 337, 118 S.E. 2d 918 (1961), our Supreme Court said that "a value witness may be cross-examined with respect to sales prices of nearby property to test his knowledge of values. . . ." Since no objection was made by the defendant the court was not required to explain the limited admissibility of the evidence. *Cogdill v. Highway Comm.* and *Westfeldt v. Highway Comm.*, 279 N.C. 313, 182 S.E. 2d 373 (1971).

[4] At the conclusion of the testimony of two value witnesses and the chief executive officer of the defendant, the trial judge informed the landowner's attorney that only one additional

value witness would be allowed. Defendant asserts that it was error for the court to deny his motion to allow the testimony of an additional expert value witness. The trial judge stated that it was "his practice to limit either side to three value witnesses." Landowner's counsel replied that there was a signed and approved pretrial order providing for three value witnesses for the State, four value witnesses and the landowner (or chief executive) for the landowner. The trial judge reiterated that he thought three experts would be adequate. Counsel for the landowner made no attempt to offer his fourth value witness's testimony to be preserved for the record on appeal.

The North Carolina courts recognize that it is within the discretion of the trial judge to limit the number of expert witnesses. *State v. Wright,* 274 N.C. 380, 163 S.E. 2d 897 (1968). However, the trial judge is obligated to exercise his discretion reasonably and not arbitrarily. In this case we cannot say that defendant was prejudiced by the judge's limiting the number of value witnesses since the record does not show what the witness would have said if permitted to testify. *State v. Forehand,* 17 N.C. App. 287, 194 S.E. 2d 157 (1973).

[5] Finally, defendant contends that the trial court erred in allowing the Board of Transportation's witness Terry W. Caudle to testify as an expert value witness. We disagree. A witness's competency to testify as an expert is addressed primarily to the sound discretion of the trial court and its determination is ordinarily conclusive unless there is no evidence to support the finding or unless there is an abuse of discretion. *State v. Woods,* 286 N.C. 612, 213 S.E. 2d 214 (1975). There was more than sufficient evidence to support the court's determination that Caudle could testify as an expert and we can find no abuse of discretion.

Defendant's remaining assignment of error has been carefully reviewed and we can find no error.

No error.

Judges PARKER and HEDRICK concur.