STATE of Maine

v.

**Douglas GATCOMB.**

Supreme Judicial Court of Maine.

Jan. 31, 1979.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Paine & Lynch by Andrew M. Mead (orally), Bangor, for defendant.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

1. 17–A M.R.S.A. § 651.

ARCHIBALD, Justice.

Douglas Gatcomb was indicted for robbery,[1] waived a jury trial,[2] and in due course was found guilty by a justice of the Superior Court. Gatcomb's seasonable appeal from the resultant judgment of conviction is denied.

The appellant does not argue that a robbery was not committed. He does not dispute the fact that one Richard Thompson was the victim. He does, however, insist that the State failed to present sufficient evidence to prove that he was the robber. He also urges that the justice presiding made two erroneous and prejudicial rulings.

## THE FACTS

Mr. Thompson testified he had played pool with Gatcomb and one Dunton from 7:00 p. m. until midnight, following which he was offered a ride home by Gatcomb. After delivering another passenger to his destination, Gatcomb drove to a point on the Coldbrook Road where the robbery ensued and Thompson was left unconscious beside the road. A passerby took the victim to a nearby restaurant from where he was ultimately transported to the hospital. Approximately $400.00 was stolen.

Mr. Thompson was able to give police an accurate description of the vehicle involved.

A witness who knew Gatcomb identified him as being in the restaurant while the victim was there waiting for an ambulance. A waitress then heard Thompson identify Gatcomb as one of the robbers, and she so testified.

At the hospital emergency room shortly thereafter, Thompson failed to identify a photograph of the appellant. However, the day following he did correctly select the appellant's photograph from an array, but when presented the same photographic array at a suppression hearing three months later he failed to identify the Gatcomb photograph. At trial Thompson made a positive in-court identification of Gatcomb who was seated in the rear of the courtroom with several other persons.

2. Rule 23(a), M.R.Crim.P.

There are three issues raised by this appeal.

## I

Did the Court abuse its discretion by refusing to allow the trial to be conducted in the absence of the appellant?

■ Prior to trial appellant had requested in writing that the trial be had in his absence,[3] which was denied. Gatcomb was not required, however, to sit at counsel table or be directly identified with defense counsel, being allowed to sit with three associates of his own choosing in the rear of the courtroom.[4] During his testimony Thompson made a positive in-court identification of the appellant. We find that the mandated procedure was well within the discretion of the justice below and is fully supported by our holding in *State v. Lapointe*, Me., 357 A.2d 882, 887 (1976), namely:

We agree with the State's rather than the defendant's, basic conception of the legal import of Rule 43—more particularly, the State's view that Rule 43, while acknowledging the right of a defendant to be present at all stages of the trial, *also imposes upon a human defendant a legal obligation to be thus present.* Accordingly, we decide that notwithstanding that Rule 43 recognizes a defendant's power to waive the right to be present throughout the trial of a charge of crime against him, such prerogative of waiver does not *per se* establish in a human

defendant *a right to be absent at any stage of the trial.* The personal defendant has no such right of absence precisely because Rule 43 imposes upon a personal defendant the affirmative *legal obligation of presence at every stage of the trial.*

(emphasis supplied)

This point is without merit.

## II

Did the State fail to prove the guilt of the appellant beyond a reasonable doubt?

■ From the fact that the victim twice failed to identify a photograph of Gatcomb, although he did so on one occasion, we are urged to hold that a reasonable doubt of guilt was thus created, despite the victim's positive identification of Gatcomb personally both at the restaurant and during the trial. We decline to adopt the holding suggested, bearing in mind that a Superior Court justice, acting as the fact finder, was satisfied otherwise.[5]

■ Appellant also argues that "coaxing and suggestive questioning by the State's attorney" undermined the probative value of Mr. Thompson's in-court identification of defendant. The record shows that upon Mr. Thompson's failure to make an in-court identification of defendant from the witness stand, the prosecutor asked him to step down and "look at all the individuals" in the courtroom. Thompson then identified defendant. In light of the fact that de-

3.  I, Douglas Gatcomb, do hereby acknowledge that I am fully aware of my absolute, unquestioned right to be present at all adversary stages of criminal proceedings against me including, and most importantly, the trial.

With full knowledge of my right to be present at my trial, I request that the trial in the above matter which is set for June 8, 1978, proceed without my actual presence and that my attorney be present.

4.  [PROSECUTOR]: Your Honor, before we begin, I would like to note, for the record, that earlier this morning, there were three individuals present in the Courtroom seated with Mr. Gatcomb at the rear of the Courtroom; and that these three individuals were acquaintances of Mr. Gatcomb's, they were selected to be here by Mr. Gatcomb and were

requested by Mr. Gatcomb to be here. The State did not participate in selecting or requesting these individuals to be in Court. We merely arranged for their presence in the Courtroom.

THE COURT: [Defense Counsel.]

[DEFENSE COUNSEL]: I would accept that statement as being accurate. I guess we noted also, we originally wanted to have five, but were limited to the three.

THE COURT: That also is now in the record, thank you.

5.  There was additional supporting evidence. Thompson's description of the Gatcomb vehicle was accurate. When arrested the next day Gatcomb had a substantial sum of money in his possession which corresponded in denomination with that stolen.

fendant was then sitting in the back of the courtroom among three other individuals of his own choosing, we perceive no defect in the procedure that deprived the identification of its probative force. *See State v. Jason*, Me., 392 A.2d 1086, 1089 (1978).

### III

Did the Court err in refusing to allow appellant to impeach the memory of Thompson by his misidentification of Gatcomb's companion?

When the victim identified Gatcomb at trial, he also identified another person erroneously as being the other robber, Dunton. After this error was established defense counsel was prevented from further pursuing the matter on cross-examination. In his ruling the justice stated, "It's the fact that he's again picked out a wrong person, that's already been done." We infer from the foregoing that the justice, *as a fact finder*, acknowledged the demonstrated deficiency in Thompson's memory. Certainly this ruling limiting cross-examination, particularly in a jury-waived case, was a *proper* exercise of discretion consistent with Rule 611(a) and Rule 611(b), M.R. Evid., and could not be said to have interfered with appellant's right to a fair trial.[6]

The entry is:

Appeal denied.

Judgment affirmed.

POMEROY and DELAHANTY, JJ., did not sit.

---

**6.** There should, however, be no mistake about the broad sweep of the judge's power in pursuing the objective of effectively ascertaining the truth and avoiding needless consumption of time. His exercise of discretion will be upheld on appeal unless he has clearly interfered with a party's right to a fair trial. Counsel left to their own devices often proceed at a pedestrian pace unsuited to times when court calendars are crowded and the costs of litigation to the parties and to the taxpayer are unreasonably high. It is the judge's duty to be firm in curbing time-wasting tactics.

Field and Murray, *Maine Evidence*, Commentary § 611.1.