ANNIE MABLE D. ANGE, BY AND THROUGH LAMAR E. SLEDGE, HER GUARDI-
AN AD LITEM v. MACK D. ANGE AND PEARL M. ANGE

No. 813SC188

(Filed 17 November 1981)

1. **Cancellation and Rescission of Instruments § 9.1; Witnesses § 1— limitation on number of witnesses**

   Where plaintiff presented five witnesses who testified concerning plaintiff's lack of mental capacity to make the deed in question, the trial court did not abuse its discretion in refusing to permit plaintiff to call an additional thirteen witnesses who would have given similar testimony.

2. **Evidence § 13— attorney-client privilege—attorney's opinion as to mental capacity**

   ·Testimony by the attorney who prepared a deed that in his opinion plaintiff had the mental capacity to execute the deed did not violate the attorney-client privilege.

APPEAL by plaintiff from *Barefoot, Judge.* Judgment entered 3 November 1980 in Superior Court, CRAVEN County. Heard in the Court of Appeals 22 September 1981.

The plaintiff brought this action to set aside a deed conveying real property to the defendants on the grounds of undue influence and lack of mental capacity to make a deed. At trial, plaintiff called five witnesses who gave testimony as to the plaintiff's inability to make a deed. Plaintiff's counsel had thirteen more witnesses who would have testified to the same thing. The trial court instructed plaintiff's counsel not to call anymore witnesses who would "say the same thing the last five have said." Plaintiff's counsel informed the court these witnesses would say the same thing as the others and tendered them to the court for cross-examination, which defendants declined.

The plaintiff's former attorney was called by the defendants. He testified, over plaintiff's objection, that the plaintiff was competent to make a deed.

At the conclusion of the evidence, Judge Barefoot found that plaintiff had sufficient mental capacity to execute a deed and entered judgment in favor of defendants. Plaintiff appealed.

*Barker, Kafer and Mills, by James C. Mills, for plaintiff appellant.*

*Henderson and Baxter, by B. Hunt Baxter, Jr. and Carl D. Lee, for defendant appellees.*

WEBB, Judge.

[1] Plaintiff first argues that the court erred in refusing to allow an additional thirteen witnesses to testify as to their opinion of plaintiff's mental capacity. It is clear that a trial judge, in his discretion, may limit the number of witnesses that a party may call so as to prevent needless waste of time. *See State v. Wright,* 274 N.C. 380, 163 S.E. 2d 897 (1968); *Board of Transportation v. Rentals, Inc.,* 28 N.C. App. 114, 220 S.E. 2d 198 (1975); 5 A.L.R. 3d 238. In the case sub judice, plaintiff's counsel inquired of five witnesses as to their opinion of plaintiff's mental capacity and was prepared to call thirteen more. It was within the judge's discretion to limit the number of witnesses to be called on this issue. This assignment of error is overruled.

---

**[2]** Plaintiff next argues that it was error for the court to let the plaintiff's attorney who drew the deed testify. She bases this argument on the confidential relationship existing between attorney and client. We do not believe there is merit in this argument. The attorney testified that in his opinion the plaintiff had sufficient mental capacity to know the things necessary to make a deed. He based this opinion on his dealings with the plaintiff. He did not testify as to any confidential communication between the plaintiff and him. *See In re Will of Kemp,* 236 N.C. 680, 73 S.E. 2d 906 (1953).

Plaintiff finally argues that the court erred in its findings of fact, conclusions of law and judgment thereon. The rule is that the facts found by the judge without a jury have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain a finding to the contrary. *Knutton v. Cofield,* 273 N.C. 355, 160 S.E. 2d 29 (1968). In the case sub judice, there was competent evidence that plaintiff had sufficient mental capacity to make a deed and the judge so found. We are bound by his findings.

Affirmed.

Judges VAUGHN and ARNOLD concur.