STATE of Maine

v.

**Delvin WHITE.**

Supreme Judicial Court of Maine.

Argued Sept. 15, 1982.

Decided Feb. 17, 1983.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Hall, DeSanctis & Schultz, Richard W. Hall (orally), Bangor, for defendant.

Before GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

GODFREY, Justice.

After a jury trial in Superior Court, Penobscot County, the defendant was convicted of gross sexual misconduct in violation of 17–A M.R.S.A. § 253(1)(B) (1983)[1] and unlawful sexual contact in violation of 17–A M.R.S.A. § 255(1)(C) (1983).[2] Before sentencing, he filed a motion for a new trial, which the Superior Court denied. We affirm the judgment.

## I. *Scope of Cross-Examination*

The defendant was a man thirty-five years old who dated the mother of the prosecutrix briefly in February, 1980. During that period, he visited several times at the mother's apartment, where the ten-year-old prosecutrix and her younger brother lived.

The prosecutrix was the sole witness for the State. She testified that during one of the defendant's visits, while the defendant and the prosecutrix were sitting on the living room couch, he slid his hand inside her pants and touched her in the area of her vagina. On a second visit, he asked her to go with him to the bedroom and to take off her pants. After she complied, he took off his pants and got on top of her on the bed, touching the area of her vagina with his penis until he ejaculated.

The defendant took the stand and denied all allegations of sexual contact.

While cross-examining the prosecutrix, the defense counsel sought to inquire into sexual misdeeds by the girl's father against her. In discussions before the bench, counsel offered to prove (1) that the girl had told police her father had illegal sexual contact with her for three years, and (2) that the girl's descriptions to the police of her father's and the defendant's misconduct were nearly identical.[3] He offered the first

---

1. 17–A M.R.S.A. § 253 (1983) provides in pertinent part:
   A person is guilty of gross sexual misconduct
   1. If he engages in a sexual act with another person, not his spouse, and . . .
   B. The other person has not in fact attained his 14th birthday. . . .
   The term "sexual act" is defined by 17–A M.R.S.A. § 251(1)(C) (1983) as "any act of sexual gratification between 2 persons involving . . . direct physical contact between the sex organs of one and the sex organs of the other. . . . A sexual act may be proved without allegation or proof of penetration."

2. 17–A M.R.S.A. § 255 (1983) provides in pertinent part:

1. A person is guilty of unlawful sexual contact if he intentionally subjects another person, not his spouse, to any sexual contact, and . . .
   C. The other person has not in fact attained his 14th birthday and the actor is at least 3 years older. . . .
   The term "sexual contact" is defined by 17–A M.R.S.A. § 251(1)(D) (1983) as "any touching of the genitals, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire."

3. In characterizing the girl's accusations made during an August 4, 1981, police interview, defense counsel emphasized that her physical descriptions of the two men's misdeeds were

item to rebut the implication that a young girl could give such sexually graphic testimony only if the defendant had in fact done the alleged acts. He offered the second item to impeach the girl's credibility. After hearing defense counsel's arguments, the court refused to permit either line of inquiry. On appeal, the defendant argues that the refusal constituted reversible error.

■ A trial justice enjoys broad discretion in determining the scope of cross-examination, *State v. Farris,* 420 A.2d 928, 934 (Me.1980); M.R.Evid. 611(a), 611(b), including cross-examination of a minor prosecutrix in a sexual offense case. *State v. Kingsbury,* 399 A.2d 873 (Me.1979). The court's exercise of such discretion will be upheld on appeal unless it has clearly interfered with a defendant's right to a fair trial. *State v. Gatcomb,* 397 A.2d 185, 188 n. 6 (Me.1979); Field & Murray, *Maine Evidence,* Commentary § 611.1 (1976).

■ The defendant has not suggested that the prosecutrix's charges against her father were false. Evidence of those charges had only indirect relevance to the present case. The trial justice could have concluded that the risks of confusing the jury and embarrassing the witness outweighed the probative value of the evidence. *See Hollis v. State,* 380 So.2d 409 (Ala.Crim.App.1980); *State v. Baughman,* 565 S.W.2d 827 (Mo.Ct.App.1978); *State v. Forehand,* 17 N.C.App. 287, 194 S.E.2d 157, *cert. denied,* 283 N.C. 107, 194 S.E.2d 635 (1973); Annot., 75 A.L.R.2d 508 (1961).

The collateral nature of the evidence distinguishes this case from *State v. Nelson,* 399 A.2d 1327 (Me.1979). In *Nelson,* the defendant was precluded from introducing a prior statement by a young prosecutrix that the defendant had engaged in sexual intercourse with her within a year of the alleged unlawful sexual contact. The prior

statement contradicted her trial testimony that she had no reason to expect the defendant's sexual advances. The statement also dealt with an essential element of the crime—namely, that the prosecutrix had "not expressly or impliedly acquiesced" in the sexual contact. Nor is this a case where the cross-examination was sought in order to show that the prosecutrix had previously charged another person with the identical crime, *Shanes v. State,* 233 Ala. 418, 172 So. 272 (1937); *State v. Newcomb,* 220 Mo. 54, 119 S.W. 405 (1909), or that the prosecutrix had previously made similar false complaints, *People v. Neely,* 228 Cal. App.2d 16, 39 Cal.Rptr. 251 (1964) (dictum); *State v. Nab,* 245 Or. 454, 421 P.2d 388 (1966).

## II. *Handcuff Viewing*

■ The defendant also argues that his right to a fair trial and his right against self-incrimination were violated when he was escorted in handcuffs, prior to trial, past the jury room in the basement of the courthouse.

Before jury selection, defense counsel requested that a new panel be seated because the defendant believed he had been seen by some members of the existing panel when he was brought handcuffed from the jail to the courthouse. The court denied the request, finding that even if the sighting had occurred there was no evidence the defendant was unduly prejudiced. Defense counsel refused a voir dire of the jurors on the matter, fearing it would only accentuate his client's guilty appearance. The defendant was present throughout the trial without handcuffs.

We reject the defendant's argument. A brief and inadvertent exposure to jurors of a defendant in handcuffs, without more, is not so inherently prejudicial as to require a mistrial, especially when, as here, the de-

---

nearly identical and that she reported both men had offered to bribe her with candy or chips.

Defense counsel also offered to prove that the girl's charge against the defendant came up almost inadvertently during a police interview about her father's misconduct. It is hard to see

how this item, if proved, would help the defense; indeed, it would enhance the prosecutrix's credibility by suggesting she was not maliciously trying to inculpate the defendant falsely.

fendant is afforded an opportunity for jury voir dire or precautionary instructions. *E.g., United States v. Taylor,* 562 F.2d 1345, 1359 (2d Cir.), *cert. denied,* 432 U.S. 909, 97 S.Ct. 2958, 53 L.Ed.2d 1083 (1977); *United States v. Larkin,* 417 F.2d 617 (1st Cir.1969), *cert. denied,* 397 U.S. 1027, 90 S.Ct. 1271, 25 L.Ed.2d 536 (1970).

The entry is:

Judgment affirmed.

All concurring.