KATHLEEN GARRETT WOODY, Plaintiff v. ORVILLE GENE WOODY, Defendant

No. COA97-51

(Filed 4 November 1997)

**1. Evidence and Witnesses § 2410 (NCI4th)— child custody— number of witnesses limited—abuse of discretion**

The trial court abused its discretion in a child custody proceeding, where the best interest of the child is the "polar star," by limiting the number of witnesses and refusing to permit plaintiff to offer rebuttal evidence. If the evidence becomes cumulative, then it is entirely appropriate for the trial judge to limit the number of witnesses and to then permit the additional witnesses to be tendered for questioning by the court and the other party.

**2. Divorce and Separation § 346 (NCI4th)— child custody— requirements—legitimation of another child**

A child custody restriction that the plaintiff's illegitimate child be properly legitimated was inappropriate. Whether the other child has been legitimated is completely irrelevant.

Appeal by plaintiff from orders entered 15 May 1996 and 21 August 1996 by Judge J. Patrick Exum in Lenoir County District Court. Heard in the Court of Appeals 16 September 1997.

*Arnold O. Jones, II for plaintiff-appellant.*

*Gerrans, Foster & Sergeant, P.A., by William W. Gerrans, for defendant-appellee.*

---

**WOODY v. WOODY**

[127 N.C. App. 626 (1997)]

WALKER, Judge.

Plaintiff and defendant were married on 29 July 1989 and separated on 2 March 1992. One child, Mary Christanna Woody, was born of the marriage on 14 February 1992. On 18 November 1993, the parties entered into a separation agreement and property settlement and were subsequently divorced on 29 November 1993. Plaintiff filed this action seeking child custody, child support and attorney fees on 5 January 1996. Defendant counterclaimed on the same three actions.

On 15 May 1996, the trial court entered an order granting the defendant primary custody of the child. Plaintiff moved for a new trial and this motion was denied.

[1] Plaintiff's sole assignment of error is that the trial court erred in refusing to allow her to call a rebuttal witness.

Prior to the hearing of this matter, the trial judge discussed with counsel his usual practice of limiting the number of witnesses in a custody case to four witnesses for each party. The trial transcript contains the following: "[The] court did discuss with counsel in chambers it's a general practice of some limitational numbers of witnesses; I believe that was also agreed to, four for each side including the parties barring any unforeseen circumstance . . . ."

During plaintiff's case in chief, she presented evidence from Orville Gene Woody, Jr. (the defendant), Ellen Sowers Garrett, Marvin Edwards Dunn, Jr. and herself. Only the plaintiff testified as to the cleanliness of the child, stating that she regularly bathed and changed the child's clothes in 1993. The defendant presented evidence from Jennifer Thompson, Barbara Hinson, Linda Woody and himself. Three of these witnesses testified that the child, while in the custody of the plaintiff in early 1993, exhibited sub-standard cleanliness and looked like she was not bathed regularly.

Plaintiff requested permission to offer rebuttal testimony from an additional witness concerning the child's cleanliness in 1993. The motion was denied since the trial court determined that plaintiff had previously presented evidence from "four witnesses." In the 21 August 1996 order denying plaintiff's motion for a new trial, the trial court concluded that "the trial court is vested with discretion to limit the number of witnesses called at a [c]ivil trial," citing *Ange v. Ange*, 54 N.C. App. 686, 284 S.E.2d 187 (1981) as authority.

Although the trial court correctly quoted from the *Ange* case, we find the instant case to be factually and procedurally distinguishable from *Ange*. In *Ange*, the plaintiff called five witnesses who gave testimony as to plaintiff's inability to make a deed and was prepared to call thirteen more witnesses. The trial court then instructed plaintiff's counsel not to call any more witnesses who would " 'say the same thing the last five said.' " However, plaintiff's counsel, after informing the court that these witnesses would say the same thing as the others, tendered the additional witnesses to the court for cross-examination. *Id.* at 687, 284 S.E.2d at 187.

In contrast, here the trial judge advised counsel of his usual practice of limiting the number of witnesses to four for each party "barring any unforeseen circumstance." It is apparent from the record that plaintiff did not anticipate her care of the child in 1993 was going to be at issue such that three of defendant's witnesses would testify that the child exhibited sub-standard cleanliness and looked as if she were not regularly bathed during this period of time. In view of this evidence, we believe the trial court abused its discretion in refusing to permit the plaintiff to offer additional evidence. If during the trial the evidence becomes cumulative, then it is entirely appropriate for the trial judge to limit the number of witnesses as the court did in *Ange* and to then permit the additional witnesses to be tendered for questioning by the court and the other party.

In a custody proceeding where the best interest of the child is the "polar star," we conclude it was an abuse of discretion for the trial court to limit the number of witnesses and refuse to permit plaintiff to offer rebuttal evidence, entitling plaintiff to a new hearing. *See Witherow v. Witherow*, 99 N.C. App. 61, 392 S.E.2d 627 (1990); *Campbell v. Campbell*, 63 N.C. App. 113, 304 S.E.2d 262, *disc. review denied*, 309 N.C. 460, 307 S.E.2d 362 (1983); *Wilson v. Williams*, 42 N.C. App. 348, 256 S.E.2d 516 (1979) (The best interest of the child is the paramount consideration which must guide the court in awarding custody of a minor child).

[2] In addition, the trial court, in its 15 May 1996 order, found that:

[T]he plaintiff is a fit and proper person to have secondary custody or visitation with Mary [Christanna] Woody on the conditions that: first, her illegitimate child, Nicholas Robert Dunn, be properly legitimated. Secondly, no male person not related to the plaintiff by blood or marriage and specifically, Marvin E. Dunn, Jr., shall spend any time with plaintiff in the presence of the

minor child, Christy, except when the plaintiff's parents are present in the home and that third, Marvin E. Dunn, Jr., not to be in the physical presence of the minor child, Mary [Christanna] Woody, except when the plaintiff's parents are present in the home.

Whether Nicholas has been legitimated is completely irrelevant to plaintiff's visitation with the child. In our view, this restriction was inappropriately included in the custody order.

The decision of the trial court is

Reversed.

Judges WYNN and SMITH concur.