TYRUS ROBERT SPINELLA v. WAYNE CROSBY PEARCE ,AND
STATESVILLE FLOUR MILLS CO., A NORTH CAROLINA CORPORATION

No. 7110SC288

(Filed 4 August 1971)

1. Appeal and Error § 49— exclusion of evidence — failure to show what
testimony would have been

The exclusion of testimony cannot be held prejudicial on appeal
where the record fails to show what the answers of the witnesses
would have been or that a request was made pursuant to G.S. 1A-1,
Rule 43(c), to have a record made of the answers which the witnesses
would have given.

2. Appeal and Error § 49— exclusion of testimony as nonresponsive —
absence of prejudice

Plaintiff was not prejudiced when the trial court sustained de-
fendant's motion to strike as nonresponsive an answer of plaintiff's
witness to a question asked by plaintiff's counsel, where the answer
was not clearly responsive to the question and could have served at
most only to corroborate plaintiff's prior testimony.

3. Trial § 36— instructions — expression of opinion

In this action involving a factual dispute as to whether plaintiff's
eye condition, a cataract or opacity in his right eye, resulted from the
automobile collision in question, the trial court did not express an opin-
ion as to the cause of the opacity in summarizing the testimony of two
doctors in its charge to the jury when the court stated that one doctor
testified that he could not say what the opacity came from or when it
developed, and that the other doctor testified that in his opinion
plaintiff most probably did not have a traumatic type cataract, the
court's statements being clearly supported by the doctors' testimony.

4. Trial § 52— refusal to set aside award as inadequate

The trial court did not abuse its discretion in refusing to set aside
as inadequate an award to plaintiff of $225 damages, the jury on
conflicting evidence having apparently determined that plaintiff's eye
condition did not result from the collision in question, and the evidence
being consistent with the view that any injuries which did result from
the collision were not substantial.

APPEAL by plaintiff from Hall, Judge, 30 November 1970
Civil Session of Superior Court held in WAKE County.

Civil action to recover damages for personal injuries which
plaintiff alleged were caused by defendants' actionable negli-
gence. The jury found plaintiff was injured by the negligence
of defendants as alleged in the complaint and awarded plaintiff
$225.00 damages. From judgment on the verdict, plaintiff ap-
pealed.

*Vaughan S. Winborne for plaintiff appellant.*

*Smith, Anderson, Dorsett, Blount & Ragsdale, by James D. Blount, Jr., for defendant appellees.*

PARKER, Judge.

[1] Appellant has noted ten assignments of error. Numbers 1, 2, 3 and 5 relate to rulings of the court sustaining objections to questions asked of witnesses by plaintiff's counsel. The answers which the witnesses would have given if permitted to answer these questions do not appear in the record. "It is elemental that the exclusion of testimony cannot be held prejudicial on appeal unless the appellant shows what the witness would have testified if permitted to do so." *Peek v. Trust Co.,* 242 N.C. 1, 86 S.E. 2d 745. Further, the record before us does not show any request made pursuant to Rule 43(c) of our Rules of Civil Procedure that a record be made of the answers which the witnesses would have given. Therefore, no prejudicial error has been made to appear insofar as the rulings which are the subject of assignments of error 1, 2, 3 and 5 are concerned.

[2] Assignment of error No. 4 relates to the trial court's sustaining defendants' motion to strike an unresponsive answer given by one of plaintiff's witnesses to a question asked by plaintiff's counsel. In this we find no prejudicial error. The witness' answer was not clearly responsive to the question, and the testimony could have served at most only to corroborate the plaintiff's prior testimony. "The burden is on appellant to show not only that there was error in the trial but also that there is a reasonable probability that 'the result was materially affected thereby to his hurt.'" *Burgess v. Construction Co.,* 264 N.C. 82, 140 S.E. 2d 766. On the record before us we find no reasonable probability that the jury's verdict in this case would have been materially affected one way or the other whether the court had overruled or sustained the motion to strike to which appellant's assignment No. 4 related.

[3] In essence, this case involved a factual dispute between the parties as to whether plaintiff's eye condition, a cataract or opacity in his right eye, resulted from injuries which he received in the automobile collision which gave rise to this

Spinella v. Pearce

action. In appellant's assignments of error 6 and 7, he contends that in summarizing the testimony of two doctors in its charge to the jury, the court expressed an opinion as to the cause of the opacity. We do not agree. Assignment of error No. 6 is to the following portion of the court's summary of the testimony of Dr. Smith, a witness for plaintiff:

"He testified that he could not say what this opacity came from and that he didn't know when it developed."

This summary was clearly supported by the following portion of Dr. Smith's testimony:

"Opacity can come from many things, any dietary problems, disease, possibly so. Diabetes is a known cause of them. Opacities can develop over a period of time and this one could have developed from any number of causes between 1966 and 1969, the dates of my two examinations. At the time as I said it appeared like it could have been caused from his traumatic injury. Generally speaking this type of opacity, opacities that I have observed are mostly in elderly people, they come with age. Over the period of years I would say that since 1966 my last examination there was nothing appearing there. To be entirely fair and objective I cannot state in my opinion what this one came from. With certain reservations you can probably look at an opacity of this type and tell how long it has been there. I did not observe it in 1966 and I did observe it in 1969. I have no exact way of knowing when it developed but I do have when something has occurred there is a possibility. A possibility but it could have come from any one of the known causes or come with no known explanation."

Assignment of error No. 7 is to the following portion of the court's summary of the testimony of Dr. Hedgpeth, a witness for defendant:

"[A]nd testified in his opinion it is most probably not traumatic, not a traumatic type cataract which the plaintiff has."

This summary was clearly supported by the following portion of Dr. Hedgpeth's testimony given on direct examination:

"I think this most probably is a developmental lens opacity and I think that it is probably not a traumatic lens

opacity, and I think it is probably unassociated with trauma, and that was my impression on that day as noted here."

Later, on cross-examination by plaintiff's attorney, Dr. Hedgpeth testified:

"In my opinion I said that it is most probably not traumatic."

Examination of the court's charge to the jury as a whole reveals that the court accurately and fairly summarized the evidence to the extent necessary to explain the application of the law thereto, as required by Rule of Civil Procedure 51(a), and that the court did not express any opinion in contravention of that rule. Assignments of error 6 and 7 are accordingly overruled.

[4] Plaintiff moved to set aside the verdict for inadequacy and for a new trial on the issue of damages. Assignments of error 8, 9 and 10 are directed to the court's refusal to grant these motions and to the entering of the judgment on the verdict as rendered in the sum of $225.00. "The granting or the denying of a motion for a new trial on the ground that the damages assessed by the jury are excessive or inadequate is within the sound discretion of the trial judge. . . . His decision on the motion will not be disturbed on appeal unless it is obvious that he abused his discretion." *Hinton v. Cline,* 238 N.C. 136, 76 S.E. 2d 162. An abuse of discretion does not appear in the present case. On conflicting evidence the jury apparently determined that plaintiff's eye condition did not result from the collision, and the evidence was consistent with the view that any injuries which did result from the collision were not substantial.

In the trial and judgment appealed from we find

No error.

Judges BRITT and MORRIS concur.