LOUIE MAJOR DEAN v. MARGARET THOMAS NASH
AND ALEXANDER VON NASH

No. 7126DC619

(Filed 17 November 1971)

1. **Rules of Civil Procedure § 51— unequal stress to defendants' contention**

    In this action in which plaintiff sought to recover for the death of his pony when struck by defendants' car and the male defendant counterclaimed for damages to his car, the trial court violated G.S. 1A-1, Rule 51(a), by giving unequal stress to defendants' contention that plaintiff allowed the pony to move freely about the area, creating a hazard. G.S. 1A-1, Rule 51(a).

2. **Negligence § 37— instructions — erroneous use of "contributory negligence"**

    The trial court erred in using the term "contributory negligence" in instructing on defendant's counterclaim when the actionable negligence of plaintiff was under consideration.

3. **Rules of Civil Procedure § 50— motion for judgment NOV**

    A motion for judgment NOV must be supported by a timely made motion for directed verdict. G.S. 1A-1, Rule 50(b) (1).

APPEAL by plaintiff from *Stukes, District Judge,* 10 May 1971 Session of MECKLENBURG District Court.

In this action plaintiff seeks to recover $1550.00 damages arising from the death of his pony caused by its being struck by an automobile owned by the male defendant and operated by the feme defendant. Plaintiff alleged that the feme defendant was operating the automobile at excessive speed, failed to take appropriate action to avoid hitting the pony, failed to keep a proper lookout and failed to keep the automobile under proper control.

Defendants denied any negligence on their part and alleged that plaintiff was contributorily negligent in that he failed to

maintain adequate fences for the containment of his pony, allowed the pony to "roam freely about an area" where plaintiff knew or should have known said animal might stray into the highway and cause a collision, and failed to use reasonable care to contain the pony when plaintiff knew of its propensity to escape its enclosure. Defendants further pleaded a counterclaim for damages to the automobile, pleading the same acts and omissions of negligence as those pleaded on the defense of contributory negligence.

The evidence presented at trial tended to show: A short while prior to the accident on a sunny day the pony was being ridden by a nine year old boy in plaintiff's yard. The boy slipped off the pony after which it trotted out of the yard, onto a public road and then into an old field. The plaintiff, who had a history of heart trouble, and three children walked after the pony and after crossing RPR 1666 once, turned the animal toward home and when it crossed the road the second time going toward plaintiff's home, the collision occurred.

Issues were submitted to and answered by the jury as follows:

(1) Was the plaintiff's pony injured and damaged by the negligence of the defendants as alleged in the complaint? Answer: No.

(2) If so, did the plaintiff by his own negligence contribute to the injuries as alleged in the answer? Answer: _____

(3) What amount if any, is the plaintiff entitled to recover of the defendants? Answer: _____

(4) Was the defendant Alexander V. Nash damaged by the negligence of the plaintiff as alleged in the Counterclaim? Answer: Yes.

(5) If so, what amount, if any, is the defendant Alexander V. Nash entitled to recover? Answer: Recover full damages ($557.52?).

Plaintiff moved for judgment NOV and that issues 1, 4 and 5 be set aside and issue 4 answered "No" disallowing the counterclaim on the grounds that defendants offered no evidence of actionable negligence against the plaintiff in order to hold

him responsible for damages to the car. The motions were denied and from judgment entered on the verdict, plaintiff appeals.

*Myers and Collie by Charles T. Myers for plaintiff appellant.*

*W. T. Chandler, Jr., for defendant appellee.*

BRITT, Judge.

Six of the assignments of error brought forward and argued in plaintiff's brief relate to the trial court's charge to the jury. For errors in the charge, we conclude that plaintiff is entitled to a new trial.

[1]   In charging the jury the court made numerous referrals to defendants' allegation of negligence that plaintiff allowed the pony to move freely about the area, creating a hazard. When the court was charging on the issue of contributory negligence, it stated this contention of defendants twice. Then when the court was charging on defendants' counterclaim, on the fourth issue, it repeated the contention. We concede that on the issue of contributory negligence and negligence on the counterclaim, it was proper for the court to state legitimate contentions of the defendants. However, when the court was submitting plaintiff's contentions of negligence of the feme defendant on the first issue, a critical point for plaintiff in the charge, the court twice stated this contention of defendants. Defendants' contentions that plaintiff failed to maintain adequate fences for containment of the pony and that plaintiff failed to use reasonable care to contain the pony when plaintiff knew of the pony's propensity to escape its enclosure were not supported by the evidence; therefore, assuming that defendants' contention that plaintiff allowed the pony to move freely about the area, creating a hazard, was supported by the evidence, it became a key contention for defendants. Under the facts of this case and considering the charge as a whole, we think the court gave unequal stress to this contention in violation of G.S. 1A-1, Rule 51(a). *Worrell v. Credit Union,* 12 N.C. App. 275, 182 S.E. 2d 874 (1971).

[2]   In the portion of its charge concerning the fourth issue, the court used the term *contributory* negligence in referring to the counterclaim of the male defendant when the actionable

negligence of the plaintiff was under consideration. We quote: "Now, I have already instructed you on this first issue what the law is on negligence, and the defendant says and contends that the plaintiff is guilty of contributory negligence as alleged in their counterclaim and are to be considered by you on this fourth issue." This instruction was confusing and we think erroneous. Although defendants' allegations of contributory negligence and of negligence on the counterclaim were identical, they obviously served different purposes. The first was to keep plaintiff from recovering in the event the jury should find that the feme defendant was negligent; the other was to allow the male defendant to recover on his counterclaim in the event the jury found no actionable negligence on the part of the feme defendant but did find actionable negligence on the part of plaintiff.

We think there were other errors in the charge but a discussion of them is not necessary. While any one of the errors might not be sufficiently prejudicial within itself to justify a new trial, the cumulative effect of the errors was sufficiently prejudicial to the plaintiff to warrant the granting of a new trial. *State v. Frazier,* 278 N.C. 458, 180 S.E. 2d 128 (1971); *State v. Lemmond,* 12 N.C. App. 128, 182 S.E. 2d 636 (1971).

[3] Plaintiff also assigns as error the failure of the court to grant his motion for judgment NOV as to the male defendant's counterclaim. Since plaintiff failed to move for a directed verdict as to the counterclaim at the close of all the evidence, the motion did not meet the requirement of G.S. 1A-1, Rule 50(b)(1) that a motion for judgment NOV be supported by a timely made motion for directed verdict.

New trial.

Judges MORRIS and PARKER concur.