FORSYTH COUNTY DEPARTMENT OF SOCIAL SERVICES, PETI-
TIONER v. JIMMY ALFRED ROBERTS AND VERNA MARIE
ROBERTS (IN THE MATTER OF: VICKIE MARIE ROBERTS, AGE 10,
MICKEY ALFRED ROBERTS, AGE 7, NICKI A. ROBERTS, AGE 4,
RICKI R. ROBERTS, AGE 1), RESPONDENTS

No. 7421DC359

(Filed 7 August 1974)

1. **Appeal and Error § 49— exclusion of evidence — failure to place evidence in record**

   The exclusion of evidence will not be reviewed on appeal where the record fails to show what the purport of such evidence would have been.

2. **Parent and Child § 1— hearing to terminate parental rights — failure to hear all the evidence**

   In a hearing on a motion to terminate parental rights, the trial court is not required to consider all the evidence which the petitioner might desire to present if the court has satisfied itself that it will not exercise its discretion to terminate the parental rights.

APPEAL by petitioner from *Alexander, Judge,* 5 November 1973 Session of FORSYTH County District Court.

On 8 May 1972, a petition was filed by the Forsyth County Department of Social Services seeking custody of the four minor children of the respondents, ranging in age from two to nine years. The petition alleged that the children were neglected children as defined by G.S. 7A-278(4) in that they did not receive proper care from their parents. On 18 May 1972, an order was entered making the minor children wards of the court and giving legal and physical custody to the Forsyth County Department of Social Services, authorizing them to place the children in suitable foster homes.

On 17 January 1973, the respondents Jimmy and Verna Roberts filed a petition stating that their circumstances had

changed since 1972 so that they are now capable of taking care of their children in a satisfactory manner, and seeking the return of the children to them. On 27 February 1973, an order was entered allowing the respondents to have visitation with their children, finding as a fact the conditions of the respondents had changed drastically for the better, but delaying a decision until the end of the 1972-1973 school year as to whether custody of the children should be returned to respondents.

On 16 August 1973, the petitioner, Forsyth County Department of Social Services, filed a motion seeking to terminate the parental rights as to the minor children. It alleged that the conditions of the respondents had deteriorated to such an extent that it was no longer in the best interest of the children to return them to their parents. A denial was filed by the respondents, and the matter was set for hearing.

At the hearing, the attorney for the petitioner stated to the court that he had fourteen witnesses to present evidence in this matter. During the testimony of the third witness, the court stated to attorney for petitioner that he would not re-examine matters occurring prior to the previous order of 27 February 1973.

At the conclusion of the hearing, the court entered an order denying the motion to terminate the parental rights of the parents. This order had the effect of leaving the custody of the children with the petitioner. The petitioner gave notice of appeal.

*Chester C. Davis for petitioner-appellant.*

*Bertram Ervin Brown II for respondent-appellee.*

CARSON, Judge.

[1] The appellant first contends that the trial court committed error by not allowing evidence to be presented as to events occurring prior to the order of 27 February 1973. The petitioner has failed to place in the record what this testimony would have shown had it been allowed by the trial court. Since the record does not show what the purport of the evidence would have been, the propriety of its exclusion will not be reviewed on appeal. *Peek v. Trust Co.,* 242 N.C. 1, 86 S.E. 2d 745 (1955; *Spinella v. Pearce,* 12 N.C. App. 121, 182 S.E. 2d 620 (1971); 1 Stansbury's N. C. Evidence, § 26 (Brandis Rev. 1973).

---
Craver v. Insurance Co.
---

The petitioner next contends that the trial court committed error in dismissing the motion after hearing only two, and a portion of the testimony of a third, witnesses. This assignment of error is likewise without merit for the same reasons as set forth in the preceding paragraph. The petitioner did not place or attempt to place in the record the purport of the excluded testimony. We are thus unable on appeal to determine its effect.

We further note that the section under which the petitioner was proceeding, G.S. 7A-288, reads as follows:

> Termination of parental rights.—In cases where the court has adjudicated a child to be neglected or dependent, the court *shall have authority* to enter an order which terminates the parental rights with respect to such child if the court finds any one of the following . . . .
> (emphasis added).

[2] It should be noted that the court is not required to terminate parental rights under any circumstances. G.S. 7A-288 only gives the court the authority to do so in the exercise of its discretion. It would be an exercise in futility for us to require the trial court to consider all evidence which the petitioner might desire to present, if the court has satisfied itself that it will not exercise its discretion to terminate the parental rights.

No error.

Judges BRITT and HEDRICK concur.