207 S.E.2d 368 (1974)
22 N.C. App. 658
FORSYTH COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner,
v.
Jimmy Alfred ROBERTS et al., Respondents.
No. 7421DC359.
Court of Appeals of North Carolina.
August 7, 1974.
*369 Chester C. Davis, Winston-Salem, for petitioner-appellant.
Bertram Ervin Brown, II, Winston-Salem, for respondent-appellee.
CARSON, Judge.
The appellant first contends that the trial court committed error by not allowing evidence to be presented as to events occurring prior to the order of 27 February 1973. The petitioner has failed to place in the *370 record what this testimony would have showed had it been allowed by the trial court. Since the record does not show what the purport of the evidence would have been, the property of its exclusion will not be reviewed on appeal. Peek v. Trust Co., 242 N.C. 1, 86 S.E.2d 745 (1955); Spinella v. Pearce, 12 N.C.App. 121, 182 S.E.2d 620 (1971); 1 Stansbury's N.C. Evidence, § 26 (Brandis Rev. 1973).
The petitioner next contends that the trial court committed error in dismissing the motion after hearing only two, and a portion of the testimony of a third, witnesses. This assignment of error is likewise without merit for the same reasons as set forth in the preceding paragraph. The petitioner did not place or attempt to place in the record the purport of the excluded testimony. We are thus unable on appeal to determine its effect.
We further note that the section under which the petitioner was proceeding, G.S. § 7A-288, reads as follows:
Termination of parental rights.In cases where the court has adjudicated a child to be neglected or dependent, the court shall have authority to enter an order which terminates the parental rights with respect to such child if the court finds any one of the following. . . . (emphasis added).
It should be noted that the court is not required to terminate parental rights under any circumstances. G.S. § 7A-288 only gives the court the authority to do so in the exercise of its discretion. It would be an exercise in futility for us to require the trial court to consider all evidence which the petitioner might desire to present, if the court has satisfied itself that it will not exercise its discretion to terminate the parental rights.
No error.
BRITT and HEDRICK, JJ., concur.