JOHN WILLIAM GIBBS, LUTHER M. CREEL AND S. T. HENDERSON, CO-TRUSTEES OF THE BERTHA FREY FOUNDATION v. WILLIAM OSGOOD DUKE, SR.

No. 7626SC731

(Filed 2 March 1977)

1. Appeal and Error § 29— absence of excluded testimony in record — harmless error

The exclusion of testimony cannot be held prejudicial where the record fails to show what the witnesses would have testified if permitted to do so and appellant made no request that the testimony be included in the record. G.S. 1A-1, Rule 43(c).

**2. Rules of Civil Procedure § 50— directed verdict motion — waiver by presenting evidence**

By offering his own evidence, defendant waived his Rule 50 motion for a directed verdict made at the close of plaintiffs' evidence.

**3. Rules of Civil Procedure § 50— motion for judgment n.o.v. — necessity for directed verdict motion at close of evidence**

The trial court may not entertain a motion for judgment n.o.v. unless the movant had previously moved for a directed verdict at the close of all the evidence. G.S. 1A-1, Rule 50(b)(1).

APPEAL by defendant from *Graham, Judge.* Order entered 25 May 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 February 1977.

This is a civil action instituted by the plaintiffs and filed on 1 May 1975. Plaintiffs offered evidence tending to show that prior to 1971 the Bertha Frey Foundation, of which they are trustees, owned apartment 120 at the Tropicana, a co-operative apartment complex. On 5 May 1971 the Foundation sold the apartment to Dr. William Jones, and he executed and delivered a note to the Foundation on that date for $14,000, the balance of the purchase price. In 1973 the defendant, William O. Duke, Sr., purchased the apartment from Dr. Jones, and on or about 26 September 1973, he wrote a letter to the plaintiffs stating that he was assuming the financial responsibility for the remaining balance of the promissory note originally executed by Dr. Jones, which at that time had an unpaid balance of $13,289. Plaintiffs' evidence then shows that the defendant made the monthly payments through 2 September 1974; that he has not made any payment since then; and that the unpaid balance was $12,960.53 as of September 1974.

The defendant offered evidence tending to show that he agreed to assume liability on Jones' note and would begin making payments in October 1973; that on 16 November 1973 he met with John West, a now deceased former trustee of the Foundation, and paid West $12,000 in cash; that he later wrote a letter to West in which he stated his understanding to be that the two had agreed that the $12,000 cash payment plus monthly installments of $108 until September 1974 would completely satisfy the indebtedness and financial obligation of the defendant; that he continued making payments until September 1974; and that the note is now paid in full.

The plaintiffs contend that the $12,000 cash payment was never received.

This matter was tried before a jury which found that the defendant was still indebted to the plaintiffs for $12,960.53, and judgment was entered accordingly.

*Perry, Patrick, Farmer & Michaux, P.A., by Roy H. Michaux, Jr. and Richard W. Wilson, for the plaintiffs.*

*William H. Elam, for the defendant.*

MARTIN, Judge.

The defendant first contends that the trial court committed reversible error by refusing to admit testimony regarding conversations between a witness and a trustee of the Bertha Frey Foundation, now deceased, and testimony regarding conversations between the defendant and that same trustee. At trial, the defendant attempted to elicit testimony from one of the plaintiffs' witnesses, Peggy Byers, in reference to a telephone call that she supposedly received from one of the Foundation's trustees, John West, concerning the payment by defendant of a sum of money on his financial obligation to the plaintiffs. The defendant also attempted to introduce evidence of discussions and conversations that he himself had had with Mr. West. In both instances, the trial court sustained the plaintiffs' objections and refused to allow the witnesses to answer.

[1]   In order for us to answer the defendant's first contention, it is only necessary to consider G.S. 1A-1, Rule 43(c) which provides in part as follows:

> "In an action tried before a jury, if an objection to a question propounded to a witness is sustained by the court, the court *on request of the examining attorney* shall order a record made of the answer the witness would have given." (Emphasis added.)

In this Court's interpretation of this rule, it has been stated:

> " 'It is elemental that the exclusion of the testimony cannot be held prejudicial on appeal unless the appellant shows what the witness would have testified if permitted to do so.' (Citation omitted.) Further, the record before us does not show any request made pursuant to Rule 43(c) of our

Rules of Civil Procedure that a record be made of the answers which the witness would have given. Therefore, no prejudicial error has been made to appear. . . . " *Spinella v. Pearce,* 12 N.C. App. 121, 122, 182 S.E. 2d 620, 621 (1971).

In the case at bar, the record reveals that the defendant failed to include the answers to the questions posed to Mrs. Byers and to the defendant. Moreover, the record reveals that he failed to request that the answers be included in the record. The defendant, having failed to include the answers in the record and having failed to make a request that the answers be included, as required by G.S. 1A-1, Rule 43(c), has not made it appear that such exclusion was prejudicial. This assignment of error is therefore overruled.

[2] By defendant's second assignment of error, he contends that the trial court committed reversible error in denying his motion for a directed verdict at the conclusion of plaintiff's evidence. He argues that there was insufficient evidence to justify a verdict for the plaintiffs and that a directed verdict should therefore have been granted. An examination of the record reveals, however, that after the court rejected the defendant's motion for a directed verdict, he then proceeded to offer his own evidence and did not thereafter renew his motion. By offering his own evidence, the defendant waived his Rule 50 motion for a directed verdict made at the close of plaintiffs' evidence and cannot claim error of its denial on appeal. *Overman v. Products Co.,* 30 N.C. App. 516, 227 S.E. 2d .159 (1976); see *Woodard v. Marshall,* 14 N.C. App. 67, 187 S.E. 2d 430 (1972); Wright and Miller, Federal Practice and Procedure: Civil § 2534. This assignment of error is therefore without merit.

[1] In his third assignment of error, the defendant argues that the trial court erred in denying the admission of testimony by defendant's witness, C. E. Hulsey, concerning the defendant's character, reputation, and credit record. We have reviewed the record, and, once again find that the defendant failed to set forth, in the record, the answers the witness would have given had he been allowed to testify, and he failed to make a request that the responses be included as required by G.S. 1A-1, Rule 43(c). The exclusion of such testimony cannot be deemed prejudicial to the defendant. See *State v. Forehand,* 17 N.C. App. 287, 194 S.E. 2d 157 (1973), *cert. den.* 283 N.C.

Gibbs v. Duke

107, 194 S.E. 2d 635 (1973). This assignment of error is therefore overruled.

[3]  Finally, the defendant contends that the trial court erred in denying his motion for judgment notwithstanding the verdict. The defendant moved for a directed verdict at the close of plaintiffs' evidence but we note, however, that the record does not reveal that he made such a motion at the close of *all* the evidence. In 5A Moore's Federal Practice § 50.08 it is stated:

> "... [A] motion for judgment n.o.v. may be entertained only if the movant has made a motion for a directed verdict *at the close of all the evidence*. (Emphasis added.) Hence a defendant who fails to move for a directed verdict at the close of all the evidence, or a plaintiff who similarly fails to move for a directed verdict at the close of all the evidence cannot present to the trial court a question as to the legal sufficiency of the evidence to support a verdict for his opponent by a motion for judgment non obstante verdicto, or raise the question on appeal."

It has been similarly held by this Court that a motion for judgment *non obstante verdicto* does not meet the requirements of G.S. 1A-1, Rule 50(b)(1) unless the moving party previously moved for a directed verdict at the close of *all* the evidence. *Dean v. Nash,* 12 N.C. App. 661, 184 S.E. 2d 521 (1971).

In the case at bar, the defendant moved for judgment *non obstante verdicto* but he failed to move for a directed verdict at the close of all the evidence. We therefore hold that his motion did not meet the requirements of G.S. 1A-1, Rule 50(b)(1) and hence could not be entertained by the trial court.

No error.

Judges MORRIS and VAUGHN concur.