IN RE: JAMES SCOTT, A MINOR CHILD

---

IN RE: JASON SCOTT, A MINOR CHILD

No. 8829DC1373

(Filed 3 October 1989)

**Parent and Child § 1.6— termination of parental rights—mental capacity of mother—duration of incapacity—findings unsupported by evidence**

The trial court's findings that respondent was mentally incapable of providing proper care and supervision to her minor

IN RE SCOTT

[95 N.C. App. 760 (1989)]

children and that such incapability would continue throughout the minority of the children were not supported by clear and convincing evidence as required by N.C.G.S. § 7A-289.32(3a).

APPEAL by respondent from *Warren, Judge.* Judgment entered 23 March 1988 in District Court, HENDERSON County. Heard in the Court of Appeals 18 September 1989.

This is a proceeding wherein petitioner, Henderson County Department of Social Services, sought termination of the rights of Cynthia McPherson Scott and Barry Norman Scott as the parents of the minor children, James Robert Scott and Jason Allen Scott. The trial judge made the following pertinent findings of fact:

3. The children are currently in the custody of the Henderson County Department of Social Services pursuant to an Order dated May 9, 1984. Both children have resided in foster care for a period in excess of 18 months next preceding the filings of the petitions.

. . .

7. That the natural mother of both children is Cynthia McPherson Scott, who is a resident of Henderson County, North Carolina.

. . .

10. That the parental rights of the respondent mother, Cynthia McPherson Scott, and of the father, Barry Norman Scott, should be terminated upon the following grounds for both children:

(a) As to the respondent mother, Cynthia McPherson Scott, the Court finds that she is incapable due to mental illness of providing for the proper care and supervision of the children, such that the children are dependent children as defined by North Carolina General Statute 7A-517(13), and there is a reasonable probability that such incapability will continue throughout the minority of the children. The Court finds that the mother's condition has improved since the institution of these juvenile actions, but has not improved to a sufficient extent to allow the respondent mother to be able to provide for the needs of the children. In particular, the Court finds that these children have special needs in that the requirements

for patience and consistency in a parent with these children is greater and also these children have a need for a parent to help them deal with their anger. The children need a permanent plan of care and the Court finds that the respondent mother, as a result of her mental illness, is incapable of providing that plan.

. . .

(d) The Court finds that both parents have previously been adjudicated as having neglected the minor children and that neglect is a ground for terminating parental rights. The type and nature of that neglect is established in the previous Order of this Court.

11. The Court finds that it is in the best interests of the minor children that parental rights of both parents be terminated and that custody be continued with the Department of Social Services of Henderson County pending placement for adoption by that Department.

From a judgment terminating the parental rights of the father, Barry Norman Scott, and the mother, Cynthia McPherson Scott, the respondent mother appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General T. Lane Mallonee, for petitioner, appellee.*

*Brent Conner for respondent, appellant.*

HEDRICK, Chief Judge.

Respondent asserts "the trial court erred in finding as a fact that respondent appellant suffered from a mental illness which made her incapable of providing proper care and supervision [to her] minor children and that there is a reasonable probability that such [illness] would continue throughout the minority of the children. . . ." Respondent contends this finding was not supported by the standard of proof required in G.S. 7A-289.32(3a) which provides:

The burden in [parental rights termination] proceedings shall be upon the petitioner to prove the facts justifying such termination by clear and convincing evidence.

"In cases involving a higher evidentiary standard, such as the case *sub judice*, we must review the evidence in order to determine

**IN RE SCOTT**

[95 N.C. App. 760 (1989)]

whether the findings are supported by clear, cogent, and convincing evidence, and the findings support the conclusions of law." *In re Montgomery*, 311 N.C. 101, 111, 316 S.E.2d 246, 253 (1984).

In the present case, respondent concedes she suffers from a personality disorder. She argues, however, petitioner failed to prove by clear and convincing evidence that due to such mental illness, respondent was incapable of providing for the care and supervision of her children, and there was a reasonable probability that such incapability would continue throughout the minority of the children. We agree.

The only evidence offered by petitioner to show respondent was mentally incapable of caring for her children was the testimony of Dr. Kenneth Lenington, one of respondent's treating psychiatrists. Dr. Lenington, however, testified on cross-examination that the fact that someone carries a diagnosis of personality disorder "does not mean that they are incapable of raising children." Furthermore, he stated respondent's pattern of behavior by itself does not mean that she is incapable of taking care of her children. Dr. Lenington's testimony, taken as a whole, does not provide clear and convincing evidence to support the district court's finding on this point.

Petitioner also failed to show by clear and convincing evidence there was a reasonable probability that respondent's mental illness would continue throughout the minority of her children. Dr. Lenington stated, "[u]sually, these kinds of behavior patterns are very difficult to change over the long haul, although that can be done. I would find it very difficult to guess how things would go with Cindy." Dr. Lenington could not predict within a reasonable probability that respondent's mental illness would continue throughout the minority of the children. In fact, he testified that respondent was currently experiencing her longest sustained period of improvement, and she had dealt with the stress of the hearing in a positive manner.

"It should be noted that the court is not required to terminate parental rights under any circumstances." *Department of Social Services v. Roberts*, 22 N.C. App. 658, 660, 207 S.E.2d 368, 370 (1974). Our review of the record on appeal reveals that the district court's finding that respondent was mentally incapable of providing proper care and supervision to her minor children and such incapability would continue throughout the minority of the children was not supported by clear and convincing evidence as required

by G.S. 7A-289.32(3a), and was therefore contrary to law. Under these circumstances, we must reverse the decision of the district judge in terminating the parental rights of the appellant.

Reversed.

Judges ARNOLD and BECTON concur.