STATE EX REL. THORNBURG v. TAVERN

[96 N.C. App. 84 (1989)]

STATE OF NORTH CAROLINA EX REL. LACY H. THORNBURG, ATTORNEY GENERAL, PLAINTIFF v. TAVERN AND OTHER BUILDINGS AND LOTS AT 1907 N. MAIN ST., KANNAPOLIS, N.C., LOTS NOS. 10, 11, 12, 13, 14, AND 15 OF BLOCK L, BK. OF MAPS, P. 558, ROWAN COUNTY REGISTRY AND BEING PROPERTY DESCRIBED IN DEED BOOK 613, P. 812, ROWAN COUNTY REGISTRY DEEDED TO DAVID L. BENNICK; SEE ALSO PARCEL 166, LOTS 10-13, TAX MAP 166, TWP. 13, DEFENDANT, AND CAROLYN B. BENNICK, DEFENDANT-INTERVENOR

No. 8919SC294

(Filed 17 October 1989)

**1. Penalties § 1 (NCI3d) — RICO Act forfeiture — proceeding civil and not criminal — no improper burden of proof on intervenor**

In a proceeding for forfeiture of a lounge pursuant to the provisions of the RICO Act, there was no merit to intervenor's contention that forfeiture statutes are essentially criminal and her constitutional rights were therefore denied when the trial court placed on her the burden of satisfying the jury that she was an innocent party, since the purpose of forfeiture is not punishment for a criminal act but is instead to deter unlawful activity, to prevent unjust enrichment, to restore to the lawful economy means of production unlawfully diverted therefrom, and to compensate persons injured by unlawful activity, and the remedy prescribed by N.C.G.S. § 75D-5 and the one utilized in this case is a civil in rem proceeding.

Am Jur 2d, Forfeitures and Penalties §§ 13, 16, 18, 36, 38.

**2. Penalties § 1 (NCI3d) — forfeiture — intervenor as innocent party — no improper burden of proof on intervenor**

There was no merit to intervenor's contention in a RICO Act forfeiture proceeding that she should not bear the burden of proving her "innocence," since the only way an "innocent party" issue will be raised is by the voluntary intervention of some claimant to the property, and N.C.G.S. § 75D-5 provides that intervenors claiming to be innocent parties have the burden of proof on that issue.

Am Jur 2d, Forfeitures and Penalties §§ 13, 16, 18, 36, 38.

STATE EX REL. THORNBURG v. TAVERN

[96 N.C. App. 84 (1989)]

**3. Penalties § 1 (NCI3d) — lounge subject to forfeiture — State as RICO lienor — protection pursuant to registration statute**

Regardless of whether or not intervenor in a forfeiture proceeding was an innocent party, she had no interest in a lounge superior to that of the State since her claim to the lounge arose out of a deed to her recorded after the RICO action was instituted and notice of lis pendens filed, and N.C.G.S. § 75D-5(l)(1) states that the State is a RICO lienor against the forfeited property and is thus entitled to the protection of the registration statute, N.C.G.S. § 47-18(a).

**Am Jur 2d, Lis Pendens §§ 40-44.**

APPEAL by defendant-intervenor from *Rousseau (Julius A., Jr.), Judge.* Order entered 27 October 1988 in Superior Court, ROWAN County. Heard in the Court of Appeals 21 September 1989.

This civil action seeks the forfeiture of real estate known as the "Hideaway Lounge" pursuant to the provisions of Chapter 75D of the North Carolina General Statutes, the North Carolina Racketeer Influenced and Corrupt Organizations Act (RICO). This real property involved was deeded to David L. Bennick by deed recorded 20 July 1984. The State alleged that he used this property in a "pattern of racketeering activity" that involved sales of cocaine. Carolyn B. Bennick, his wife, in intervening asserts that she is an innocent party as defined in N.C.G.S. § 75D-5(i) and owns the property under a deed from David L. Bennick, recorded after the action was filed. At trial the jury returned a verdict against the intervenor-appellant and judgment of forfeiture was entered against the real property.

*Attorney General Lacy H. Thornburg, by Senior Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*Ford, Parrott & Hudson, by John T. Hudson and Larry G. Ford, for intervenor-appellant.*

LEWIS, Judge.

Appellant argues that the RICO Act violates the defendant-intervenor's rights under the fourteenth amendment of the United States Constitution and Article I, Section 19 of the Law of the Land Clause of the North Carolina Constitution. Defense counsel at trial did not address the constitutionality of the civil RICO

statute nor was an objection made on constitutional grounds. No exception appears in the record regarding these assignments of error. Rule 10, N.C.R.A.P. The North Carolina Supreme Court in *State v. Elam* stated that the Court of Appeals acted properly in declining to discuss the merits of constitutional arguments which had not been raised at trial. 302 N.C. 157, 159-60, 273 S.E.2d 661, 663-64 (1981). We decline to discuss constitutional arguments here.

[1, 2] In instructing the jury, the trial judge placed the burden on the intervenor to satisfy the jury that she was an "innocent party," i.e., that she did not have actual or constructive knowledge of a pattern of racketeering activities on the premises. The appellant-intervenor argues that this burden denies her substantive due process of law because forfeiture statutes are essentially criminal. This argument is without merit. The legislative intent of the North Carolina General Assembly in enacting G.S. Section 75D is clear and is described specifically in Section 75D-2. That purpose is not punishment for a criminal act but is instead to deter unlawful activity, to prevent unjust enrichment, to restore to the lawful economy means of production unlawfully diverted therefrom, and to compensate persons injured by unlawful activity. The remedy prescribed by G.S. Section 75D-5 and the one utilized in this case is a civil in rem proceeding. The intervenor also argues that she should not bear the burden of proving her "innocence" because that burden is allocated to the State "by implication from the language of the statute" and "because of consideration of policy, fairness, and common sense." Nothing in G.S. chapter 75D requires the State to make any person a party defendant or to allege or prove that any person claiming an interest in the property is "innocent" to effect forfeiture. The only way, therefore, that an "innocent party" issue will be raised is by the voluntary intervention of some claimant to the property. The burden of proof of any exemption or exception is normally upon the person claiming it. *General Tire & Rubber Co. v. Distributors, Inc.*, 253 N.C. 459, 468, 117 S.E.2d 479, 486 (1960). The General Assembly has clearly indicated by the provisions of G.S. Section 75D-5 that intervenors claiming to be innocent parties have the burden of proof on that issue.

The appellant further contends that her substantive due process rights have been violated because the State seized all of the property described in the deed instead of just the building in which the illegal activities were conducted. The lots described in the deed are contiguous parcels of land and the exact location of the

"Hideaway" is not specified. Since we cannot determine what portions of the property were devoted to the operation of the "Hideaway" as all the lots were described as one parcel of land, we will not here undertake to divide the property.

The intervenor-appellant also alleges that the trial court committed reversible error by denying the intervenor's motion to dismiss at the close of the plaintiff's evidence and motion for judgment notwithstanding the verdict because the plaintiff failed to present sufficient evidence of racketeering activities under N.C.G.S. Section 75D. Appellant-intervenor did not make a motion for directed verdict at the close of all the evidence and therefore could not make a motion for judgment notwithstanding the verdict under Rule 50(b) of the Rules of Civil Procedure. *Gibbs v. Duke*, 32 N.C. App. 439, 443, 232 S.E.2d 484, 486, *disc. rev. denied*, 292 N.C. 640, 235 S.E.2d 61 (1977). The appellant asks this Court to waive her trial counsel's failure to move for a directed verdict under "the residual power and supervisory jurisdiction given to [the Court of Appeals] by Rule 2, N.C.R.A.P." We find nothing in this situation to merit invoking Rule 2. Moreover, the evidence was more than sufficient to justify the jury's consideration of the issues and to support the verdict. *See* G.S. Section 75D-3(b) and (c). The jury was properly permitted to consider the question of whether appellant had constructive knowledge of cocaine sales at the Hideaway.

[3] Thus, the State has won this case on the grounds stated above. We further hold that the State was also entitled to its motion for judgment notwithstanding the verdict. Following jury verdicts in its favor, the State moved for j.n.o.v. pursuant to Rule 50(b) of the Rules of Civil Procedure. The basis of that motion was that the State is entitled to the Hideaway under G.S. Section 75D as against *any* claim of appellant-intervenor arising out of a deed from David L. Bennick to appellant-intervenor. The trial judge denied the State's motion. A deed from David L. Bennick to appellant-intervenor dated 3 November 1986 was not recorded until 24 February 1987. The RICO action was instituted and a notice of lis pendens was filed on 19 February 1987. The State moved for j.n.o.v. on the grounds that, regardless of whether or not the intervenor was an innocent party, she had no interest in the Hideaway superior to that of the State since her claim to the Hideaway arose out of a deed to her recorded after the RICO action was instituted and notice of lis pendens filed.

STATE ex rel. THORNBURG v. TAVERN

[96 N.C. App. 84 (1989)]

This issue requires the determination of whether or not the State was a "lien creditor." Intervenor-appellant argues that the State is not a lien creditor because the State is not a purchaser for value; she contends that was not a bargained-for exchange nor have services been rendered or a debt incurred resulting from an exchange for goods or services, such as a contractor's lien, mechanic's lien, or tax lien. We find that the words of the statute indicate that the State is entitled to a RICO lien. N.C.G.S. Section 75D-5(l)(1) provides in pertinent part:

> The title of the State to the forfeited property shall: a. In the case of real property . . . , relate back to the date of filing of the RICO <u>lien</u> notice in the official record of the county where the real property . . . is located, and if no RICO <u>lien</u> notice is filed, then to the date of the filing of any notice of lis pendens in the official records of the county where the real property . . . is located and, if no RICO <u>lien</u> notice of lis pendens is so filed, then to the date of recording of the final judgment of forfeiture in the official records of the county where the real property . . . is located. (Underlining supplied).

This statute clearly states that the State is a RICO lienor against the forfeited property and is thus entitled to the protection of the registration statute, N.C.G.S. Section 47-18(a). The State's title to the property derived from this forfeiture proceeding relates back to the date of the institution of this action when the notice of lis pendens was filed pursuant to G.S. Section 75D-5(l)(1)(a). The State's title is thus superior to the interest of the intervenor which derived from a deed from her husband recorded after the institution of the RICO action. The State's motion should have been granted. Our holding does not otherwise alter the judgment in the trial court.

No error.

Judges PHILLIPS and COZORT concur.