DIETZ, Judge.
 

 *642
 
 Defendant Mack Pope appeals from a judgment finding him liable for concealing environmental contamination on property he sold to Plaintiffs Anthony and Sherry Martin.
 

 As explained below, the bulk of Pope's arguments, which concern the statute of limitations and sufficiency of the evidence, are not preserved for appellate review because Pope failed to assert those issues in a directed verdict motion at the close of all the evidence at trial.
 

 Pope's challenge to the trial court's answer to a jury question during deliberations likewise is barred because Pope initially consented to
 
 *643
 
 that answer and only objected after the jury resumed deliberations. His objection is therefore barred by the invited error doctrine.
 

 Pope's challenges to the denial of leave to assert third-party claims and to disqualify the Martins' counsel are reviewed for abuse of discretion. As explained below, we hold that the trial court's rulings on those issues were the product of reasoned decisions and thus within the trial court's sound discretion.
 

 The Martins also cross-appealed, challenging the denial of their motion for attorneys' fees. But despite filing a cross-appeal, the Martins did not file an appellants' brief, instead including their argument in their appellees' brief. Because the lack of an appellants' brief prejudiced Pope, we deem this issue abandoned on appeal. Accordingly, we affirm the trial court's judgment.
 

 Facts and Procedural History
 

 The jury in this proceeding returned a verdict in favor of Plaintiffs Anthony and Sherry Martin and we therefore recite the relevant facts in the light most favorable to
 
 *194
 
 the Martins. We acknowledge that Defendant Mack Pope disputed many of these facts at trial.
 

 In July 2004, Pope purchased property in Dunn from Royster-Clark, Inc. At the time, Pope received an environmental report of the property, which stated that the property had "recognized environmental conditions." Pope then leased the property to Agrium U.S. Inc.
 

 In December 2007, Pope hired an environmental expert to conduct a limited environmental assessment, which did not include any groundwater testing. The report concluded that, "In review of the information as described herein regarding activities on and adjacent to the subject property, no physical evidence was discovered indicating ongoing negative environmental impacts to the subject property."
 

 Between late 2007 and early 2008, Pope contracted to sell the property to a third party. The sale eventually fell through when the purchaser requested an extensive environmental report that included groundwater testing. That testing identified contaminants well above the legal limit.
 

 In 2008, Anthony Martin expressed an interest in buying the property after learning that it was for sale. At a later meeting, in response to Mr. Martin's question regarding the current state of the property, Pope indicated that the property was "clean" and that it had no environmental risks or problems and provided Mr. Martin with a copy of the more limited 2007 environmental report. Pope did not provide Mr. Martin with
 
 *644
 
 the 2008 report that found environmental contamination. On 20 March 2009, Pope sold the property to the Martins for $500,000.
 

 In early 2013, the Martins agreed to sell the property to a new buyer for $800,000. Before the closing date, a loan officer for the purchaser discovered that the property was listed on a hazardous waste site list maintained by our State's environmental protection agency. After being advised of the status of the property, the Martins' attorney obtained a copy of the 2008 report and informed the buyer's attorney. The sale then fell apart.
 

 The Martins later sued Pope for fraud and unfair and deceptive trade practices based on Pope's alleged concealment of the environmental contamination on the property. The jury returned a verdict in the Martins' favor on their claims and awarded both compensatory and punitive damages. The trial court later denied Pope's motion for JNOV or, alternatively, for a new trial. The trial court also denied the Martins' request for attorneys' fees. Pope timely appealed the judgment and the denial of his corresponding post-trial motions, and the Martins timely appealed the denial of their motion for attorneys' fees.
 

 Analysis
 

 We begin by addressing Pope's challenges to the verdict and various pre-trial and trial rulings. We then turn to the Martins' appeal from the denial of their request for attorneys' fees.
 

 I. Denial of Pope's motion for JNOV
 

 We first address Pope's challenge to the denial of his motion for JNOV. Pope argues that the Martins' claims are barred by the statute of limitations and that there was insufficient evidence that he made any false representations; insufficient evidence that the Martins reasonably relied on those representations; and insufficient evidence that the Martins suffered any damages as a result. For all of these reasons, Pope argues that the trial court should have granted his JNOV motion and set aside the verdict as a matter of law.
 

 We cannot address these arguments because Pope waived them. A JNOV motion is "essentially a renewal of a motion for directed verdict."
 
 Barnard v. Rowland
 
 ,
 
 132 N.C. App. 416
 
 , 421,
 
 512 S.E.2d 458
 
 , 463 (1999). As a result, a JNOV motion "must be preceded by a motion for directed verdict at the close of all evidence."
 
 Id
 
 . Indeed, the official comment accompanying Rule 50 of our Rules of Civil Procedure, which governs the procedure for both directed verdict motions and JNOV motions, emphasizes that a directed verdict motion is an "absolute prerequisite" to a JNOV motion. N.C. Gen. Stat. § 1A-1, Rule 50, cmt.
 

 *195
 

 *645
 
 Moreover, it is well-settled that to preserve the ability to assert a JNOV motion, a litigant must move for a directed verdict at the close of
 
 all
 
 the evidence, not merely at the close of the plaintiff's case.
 
 Gibbs v. Duke
 
 ,
 
 32 N.C. App. 439
 
 , 442,
 
 232 S.E.2d 484
 
 , 486 (1977). This is so because, once defendants have presented their own case, the evidence in the trial record has changed. Although defendants during their own case in chief typically are focused on presenting evidence that disproves the plaintiff's allegations, through cross-examination or introduction of exhibits defendants may introduce the very evidence that renders the directed verdict improper.
 

 For this reason, our Court repeatedly has held that "[b]y offering their own evidence, defendants waived their motion for a directed verdict made at the close of plaintiffs' evidence and, in order to preserve the question of the sufficiency of the evidence for appellate review, they were required to renew this motion at the close of all the evidence."
 
 Cannon v. Day
 
 ,
 
 165 N.C. App. 302
 
 , 305-06,
 
 598 S.E.2d 207
 
 , 210 (2004). This rule also is followed by the federal courts and our sister states.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 Miller v. Premier Corp.
 
 ,
 
 608 F.2d 973
 
 , 979 n.3 (4th Cir. 1979) ;
 
 Mathieu v. Gopher News Co.
 
 ,
 
 273 F.3d 769
 
 , 776 (8th Cir. 2001) ;
 
 Kimbrough v. Commonwealth
 
 ,
 
 550 S.W.2d 525
 
 , 529 (Ky. 1977) ;
 
 State v. Hepburn
 
 ,
 
 406 S.C. 416
 
 ,
 
 753 S.E.2d 402
 
 , 410 (2013).
 

 Here, Pope concedes that, although he moved for a directed verdict at the close of the Martins' case, he did not renew that motion at the close of all the evidence. We are bound by our precedent holding that a JNOV motion must be preceded by a motion for directed verdict at the close of
 
 all
 
 the evidence; thus, we must hold that Pope's JNOV arguments are waived on appeal.
 

 We acknowledge that this is a harsh outcome. But our precedent contains many examples of litigants who sought to raise what they believed to be meritorious JNOV arguments on appeal, only to have those arguments deemed waived for failure to make an appropriate motion for directed verdict.
 
 See
 

 Gibbs
 
 ,
 
 32 N.C. App. at 442
 
 ,
 
 232 S.E.2d at
 
 486 ;
 
 Overman v. Products Co.
 
 ,
 
 30 N.C. App. 516
 
 , 520,
 
 227 S.E.2d 159
 
 , 162 (1976) ;
 
 Plasma Ctrs. Of Am., LLC v. Talecris Plasma Res., Inc.
 
 ,
 
 222 N.C. App. 83
 
 , 88,
 
 731 S.E.2d 837
 
 , 841 (2012).
 

 The public, and other jurisdictions that may be called on to recognize our State's court judgments, expect our courts to apply procedural rules uniformly to all litigants who appear before them. Thus, although we recognize that justice is best served when this Court reaches the merits of the underlying issues raised on appeal, we are obligated to
 
 *646
 
 enforce this well-settled procedural rule and hold that Pope's JNOV arguments are waived.
 

 II. Denial of Pope's motion for new trial
 

 Pope next argues that the trial court erred by failing to grant his motion for a new trial. Pope acknowledges that, ordinarily, we review the denial of a Rule 59 motion for abuse of discretion and "a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge."
 
 Worthington v. Bynum
 
 ,
 
 305 N.C. 478
 
 , 482,
 
 290 S.E.2d 599
 
 , 602 (1982). But Pope argues that his Rule 59 motion involves questions of "law and legal inference" and that this Court should apply
 
 de novo
 
 review.
 

 The cases on which Pope relies for asserting a
 
 de novo
 
 standard of review involve trial courts acting under a misapprehension of the law.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 Chiltoski v. Drum
 
 ,
 
 121 N.C. App. 161
 
 , 165,
 
 464 S.E.2d 701
 
 , 704 (1995). The task of determining whether Pope asserted arguments similar to those in
 
 Chiltoski
 
 is hamstrung by the fact that the key page of Pope's Rule 59 motion-the page containing most of the grounds on which he sought a new trial-is not in the record on appeal. From surrounding context, from the Martins' response to that Rule 59 motion, and the parties' arguments on appeal, it appears that Pope focused his new trial arguments on the sufficiency of the evidence presented at trial. "[A] motion for a new trial for insufficiency of the evidence pursuant to Rule 59(a)(7) is addressed to the
 
 *196
 
 discretion of the trial court."
 
 Jones v. Durham Anesthesia Assocs
 
 .
 
 , P.A.
 
 ,
 
 185 N.C. App. 504
 
 , 508,
 
 648 S.E.2d 531
 
 , 535 (2007). Accordingly, we reject Pope's request to review the trial court's ruling
 
 de novo
 
 and instead review for abuse of discretion.
 

 Under this standard, the trial court's decision to deny the motion for new trial was within its sound discretion. Although we acknowledge that Pope disputes much of the evidence on which the jury apparently relied, our Supreme Court has cautioned us that we should not second guess trial courts when evaluating the sufficiency of the evidence under Rule 59. "Due to their active participation in the trial, their first-hand acquaintance with the evidence presented, their observances of the parties, the witnesses, the jurors and the attorneys involved, and their knowledge of various other attendant circumstances, presiding judges have the superior advantage in best determining what justice requires in a certain case."
 
 Worthington
 
 ,
 
 305 N.C. at 487
 
 ,
 
 290 S.E.2d at 605
 
 (1982). As a result, "an appellate court should not disturb a discretionary Rule
 
 *647
 
 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice."
 

 Id.
 

 We recognize that this was not an easy case for the jury or the trial court. But our review of the appellate record convinces us that the trial court made a reasoned decision to deny the Rule 59 motion and that decision is not manifestly arbitrary or a substantial miscarriage of justice. Accordingly, we hold that the trial court did not abuse its discretion.
 

 III. Challenge to the jury instructions
 

 Pope next argues that the trial court gave an erroneous and prejudicial answer in response to a question from the jury during deliberations. As explained below, Pope again failed to preserve this argument for appellate review.
 

 During the jury charge, the trial court instructed the jury that, on the issue of the statute of limitations, the four-year limitations period began to run from the time the Martins "actually discovered or should have discovered the facts constituting the fraud." After deliberating for a time, the jury asked the trial court whether the Martins had to "satisfy both parts ... as to the discovered or should have discovered the environmental issue." In other words, the jury appeared to be asking whether the Martins had to show both that they did not know
 
 and
 
 should not have known of the environmental contamination more than four years before filing suit.
 

 The court discussed a proposed response to the question with the parties outside the jury's presence and ultimately gave the jury the following answer: "The burden is upon the plaintiffs to prove that they discovered or should have discovered. But not both." Pope concedes in his appellate brief that he discussed this proposed answer with the court before it was given and initially told the court that this answer "was correct." The trial transcript confirms this; after the jury retired with its answer, the court asked the parties, "Does that concur with what we discussed at the bench to the satisfaction of both sides?" Counsel for both parties replied, "Yes, sir."
 

 Then, at some later point while the parties remained in the courtroom waiting on a jury verdict, counsel for Pope asked to approach the bench again. After a brief off-the-record discussion, the trial court stated on the record that Pope now objected to the court's answer. Pope's counsel explained to the court that "[w]e believe that is an incorrect statement" because the jury may mistakenly have interpreted the court's answer to mean that the Martins only had to prove that they did not
 
 *648
 
 know
 
 or
 
 should not have known of the contamination more than four years before filing suit, rather than having to prove both that they did not know
 
 and
 
 should not have known.
 

 After hearing from both parties, the trial court declined to call the jury back to change the answer, explaining that "I think it would be confusing and prejudicial at this stage."
 

 In light of Pope's concession that he initially approved the trial court's proposed answer before it was given-a fact confirmed by the trial transcript-we hold that Pope has waived this argument on appeal. Our Supreme Court has long recognized that "under
 
 *197
 
 the doctrine of invited error, a party cannot complain of a charge given at his request."
 
 Sumner v. Sumner
 
 ,
 
 227 N.C. 610
 
 , 613,
 
 44 S.E.2d 40
 
 , 41 (1947).
 

 A trial court's answer to a jury question is treated as an instruction to the jury.
 
 See
 

 State v. Farrington
 
 ,
 
 40 N.C. App. 341
 
 , 345,
 
 253 S.E.2d 24
 
 , 27 (1979) ;
 
 State v. Buchanan
 
 ,
 
 108 N.C. App. 338
 
 , 341,
 
 423 S.E.2d 819
 
 , 821 (1992) ;
 
 State v. Smith
 
 ,
 
 188 N.C. App. 207
 
 , 211,
 
 654 S.E.2d 730
 
 , 734 (2008). Thus, to preserve an objection on this issue, Pope had to object and state the grounds for the objection
 
 before
 
 the court answered the jury's question and permitted them to retire for further deliberations.
 
 See
 

 State v. McNeil
 
 ,
 
 350 N.C. 657
 
 , 691,
 
 518 S.E.2d 486
 
 , 507 (1999). Because Pope did not object to the proposed answer until after the court read the answer to the jury and permitted the jury to continue deliberations, and because Pope concedes that he initially approved that proposed answer, Pope has failed to preserve his objection for appellate review.
 
 State v. Gainey
 
 ,
 
 355 N.C. 73
 
 , 106,
 
 558 S.E.2d 463
 
 , 484 (2002).
 

 IV. Motion to add third-party defendant
 

 Pope next argues that the trial court erred by denying his motion to add Agrium U.S. Inc.-the firm that leased the property from Pope-as a third-party defendant. Pope argues that "[t]o the extent that there is contamination on the property ... it is possible that Agrium is partly responsible and partly liable."
 

 Pope concedes that this Court reviews the trial court's refusal to grant leave to add Agrium for abuse of discretion.
 
 See
 

 Calloway v. Ford Motor Co.
 
 ,
 
 281 N.C. 496
 
 , 501,
 
 189 S.E.2d 484
 
 , 489 (1972). Under this standard of review, we can reverse the trial court only if the court's ruling is "so arbitrary that it could not have been the result of a reasoned decision."
 
 Williams v. CSX Transp., Inc.
 
 ,
 
 176 N.C. App. 330
 
 , 336,
 
 626 S.E.2d 716
 
 , 723 (2006). Thus, in most cases, "[i]f the trial court articulates a clear reason for denying the motion ... our review ends."
 

 *649
 

 NationsBank of North Carolina, N.A. v. Baines
 
 ,
 
 116 N.C. App. 263
 
 , 268,
 
 447 S.E.2d 812
 
 , 815 (1994).
 

 The trial court's ruling was not an abuse of discretion under this standard. The court ruled that adding Agrium as a third-party defendant would be futile because, even if Agrium caused the contamination, it would not impact the Martins' claims, which were based on allegations that Pope knew of the contamination and concealed it from the Martins. The trial court also ruled that adding Agrium would be prejudicial because Pope's motion was made too close to the scheduled start of the trial. We hold that the trial court's analysis was the product of a reasoned decision, not an arbitrary one, and thus the court's refusal to permit Agrium to be added as a third-party defendant was well within its sound discretion.
 

 V. Motion to disqualify counsel
 

 Finally, Pope argues that the trial court erred by denying his motion to disqualify the Martins' counsel. A motion to disqualify counsel "is discretionary with the trial judge and is not generally reviewable on appeal."
 
 In re Lee
 
 ,
 
 85 N.C. App. 302
 
 , 310,
 
 354 S.E.2d 759
 
 , 764-65 (1987). This Court's review is limited to whether the court abused its discretion-which, again, means this Court can reverse only if we conclude that the decision was "so arbitrary that it could not have been the result of a reasoned decision."
 
 Williams
 
 ,
 
 176 N.C. App. at 336
 
 ,
 
 626 S.E.2d at 723
 
 .
 

 The trial court's decision was within its sound discretion under this standard of review. The Martins' counsel also represented Pope's ex-wife in an unrelated family law proceeding. During the punitive damages phase of the trial, the Martins introduced into evidence a child support order and equitable distribution affidavit from that other proceeding. Pope moved to disqualify the Martins' counsel on the ground that counsel may be aware of confidential spousal communications that occurred during the marriage, and because the custody order and affidavit from the family law proceeding "very likely" came from Pope's ex-wife.
 

 The trial court denied the motion to disqualify on the ground that the custody order and affidavit were public records and there
 
 *198
 
 was no evidence that the Martins' counsel was aware of any confidential information about Pope that would require disqualification in this lawsuit. The trial court's ruling was the result of a reasoned decision and not arbitrary. Accordingly, under the applicable standard of review, we hold that the trial court did not abuse its discretion by denying the motion to disqualify.
 
 *650
 

 VI. The Martins' motion for attorneys' fees
 

 The Martins also challenge the trial court's judgment in this case, arguing that the court should have awarded them attorney's fees. The Martins concede that, although they filed a timely notice of appeal challenging the denial of their motion for attorneys' fees, they did not file an appellants' brief on this issue; instead, the Martins raised this issue in their appellees' brief after responding to Pope's arguments.
 

 A party who files a notice of appeal must file an appellant's brief setting forth the reasons why the challenged order or judgment is infirm.
 
 See
 

 Cherry, Bekaert & Holland v. Worsham
 
 ,
 
 81 N.C. App. 116
 
 , 118,
 
 344 S.E.2d 97
 
 , 99 (1986). Ordinarily, an appellant who fails to file an appellant's brief will be deemed to have abandoned any argument on those issues.
 
 See
 
 N.C. R. App. P. Rule 28(h) (2017). Applying that rule here, the Martins abandoned their attorneys' fees challenge by failing to submit an appellants' brief on that issue.
 

 To be sure, the Martins presented their argument in their appellees' brief, so this Court understands the merits of their claim. And, we recognize that our Supreme Court has encouraged us to reach the merits of issues presented on appeal whenever possible, to ensure "fundamental fairness to litigants" and to "promote public confidence in the administration of justice in our appellate courts."
 
 Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.
 
 ,
 
 362 N.C. 191
 
 , 200,
 
 657 S.E.2d 361
 
 , 366 (2008).
 

 But this case is a rare example of one in which fundamental fairness and public confidence in the administration of justice cut the other way. The bulk of the Martins' brief addresses Pope's failure to preserve his own arguments for appellate review. Were we to reach the merits of the Martins' attorneys' fees claim, while declining to address Pope's arguments because they were not preserved, the result would appear unfair and unjust. As a colleague on our State's federal bench once observed, "courts recognize that what is good for the goose is good for the gander."
 
 Racick v. Dominion Law Assocs
 
 .,
 
 270 F.R.D. 228
 
 , 233 (E.D.N.C. 2010).
 

 Moreover, Pope was prejudiced by the sequencing of the Martins' arguments. Had the Martins filed an appellants' brief, Pope could have responded to the attorneys' fees issue in an 8,750-word appellee's brief. Instead, Pope was forced to respond to the Martins' attorneys' fees issue in a far shorter 3,750-word reply brief while also addressing the Martins' arguments concerning his own claims on appeal. Thus, we hold that the interests of justice are best served by deeming the Martins' attorneys' fees issue abandoned for failure to assert it in an appellants' brief.
 

 *651
 

 Conclusion
 

 For the reasons discussed above, we affirm the trial court's judgment.
 

 AFFIRMED.
 

 Judges ELMORE and INMAN concur.